*Lusher* v. *Walton.*

VAN VECHTEN. This is a motion for a rule to refer. The affidavit states there are long accounts to adjust.

*Emott.* I must oppose it. The notice does not mention the name of the referees; from *Bedle* v. *Willett,** decided last term, this is necessary.

* *Ante,* p. 148.

*Per Curiam.* If the cause contains long accounts you cannot try it.

*Spencer* observed to the court, that a cause could not be referred at the circuit ; but from the case cited, the application might be renewed the next non-enumerated day.

*Emott.* If the court say they will hear it, I shall waive the objection.

*Per Curiam.* The omission must be accounted for, and therefore we cannot say we will hear it. All notices must be for the first day ; if not, an excuse must be offered. But a party's misapprehending a rule has frequently been received as an excuse. The decision quoted has altered the former practice, and if the party will swear he did not know it, he may apply again.

*Emott* waived his objection as to the omission of the names.

*Van Vechten* read his affidavit and another in sup-port of it.

Aug. Term, 1803.

*Emott* opposed the rule on a deposition by the plaintiff stating that an account between him and the defendant had been long ago settled, on which there appeared a certain balance due, for which the present action was brought, and that he believed the matter in dispute involved points of law.

*Per Curiam.* From the plaintiff's affidavit it does not appear there was a final closure of accounts, so as to entitle to oppose the rule ; besides, there are two affidavits against him ; the weight of evidence must, therefore preponderate, and his single affidavit must give way. His second ground for resisting the application is, that on the examination questions of law will arise. This, if properly stated, would have been a good reason for denying the rule ; but on that point the affidavit is defective : it states his informa-tion and belief that it will arise ; it ought to have said that " he is advised by his counsel," and even then to have set forth the particular and specific point, to satisfy us that it did exist. For these reasons, there-fore, as the first taken objection is waived, the plain-tiff's affidavit is insufficient and the defendant must take his rule.