ANONYMOUS.

ASSUMPSIT. *Craig* moved for a reference, on a notice of motion for Friday, the second week in term.

*T. A. Emmet,* contra, objected that the notice should have been for the first day in term.

*Craig* read an affidavit showing an excuse for not noticing for an earlier day. This excuse, he said, was contained in the affidavit of service.

*Emmet* said the affidavit of excuse should have been served with the other papers, so that it might be denied. But,

*Per Curiam.* The constant practice is otherwise. The excuse is for the court, not for the party; and may be shown at the time of moving.

The excuse for not noticing a motion for the 1st day of term need not be given in the affidavits served.

To warrant denying a reference on the ground that questions of law will arise, the court must be satisfied that they will be questions of real difficulty.

*Emmet* then read an affidavit, showing that certain questions of law would arise before the referees, specifying them. These would arise under the plea of the statute of limitations.

NEW YORK,     *Curia.*  The questions which you state are of easy solu-
May, 1826.    tion.  Questions of law may, and to a certain extent, must
Fairlie       arise on every reference.  We must be' satisfied, however,
   v.         that they are questions of real difficulty, to warrant our
Lawson.       denying a reference on this ground.  The doctrine of evi-
              dence upon the plea of the statute of limitations, is, in
              general, very well settled.

                                                        Motion denied.