By the Court.—Monell, Ch. J.
The objection *416 that the defendant’s answer presents a question of fraud, is disposed of by Welsh v. Darragh (52 N. Y. 590). It is there held, that if the plaintiff’s cause of action is referable, it can not be made non-referable by the defendant’s answer.
The only remaining objection is, that difficult questions of law will arise, which under the exception in the code, renders the action non-referable (Code % 271).
The court can not in any case direct a reference, ‘‘where the investigation will require the decision of difficult questions of law;” but the party alleging that such questions will arise, must present the points of difficulty clearly and distinctly ; for the court must be satisfied that they are questions of real difficulty. And it is not enough that the party or Ms attorney or counsel allege it generally (Anonymous, 5 Cow. 423; Shaw v. Ayres, 4 Id. 52; Lusher v. Walton, 1 Caines, 149; Salisbury v. Scott, 6 John. 329).
The defendants have not complied with these requirements ; and we can not determine, from the affidavit of their counsel, what questions of law he claims will arise. After stating the proceedings in, and the trial,of another action between the same parties, in which certain questions of law were discussed and decided, he says : “ On the trial of this action important-questions of law will arise in addition to the important and difficult questions of law which arose upon the said reference, and which were argued, according to my present recollection, for nearly two entire days before the referee, in addition to voluminous briefs submitted by both parties ; and other questions of law will arise upon the trial of this action upon the defense set forth in the answers of the defendants in this action, as by reference thereto will more fully appear.”
I do not think we are required to carefully examine the pleadings to see what, if any, questions of law, difficult or otherwise, may be raised upon the defense *417 set up. Such questions, if they exist, should be pointed out, that we may see what the party relies on, and whether they are of any real difficulty.
As sole referees are now almost invariably members of the legal profession, they are, perhaps, as competent to determine even difficult questions of law, as the court. Besides, the ample remedy by appeal to correct errors is another and a sufficient protection.
I am of opinion the order should be affirmed, with costs.
Freedman, J., concurred.