Bloore
v.
Potter.

## BLOORE *vs.* POTTER and others.

In an action of *covenant*, where the plaintiff made an affidavit that the trial of the cause would require the examination of a long account preparatory to a motion of reference, upon which referees were agreed upon by the parties and a rule entered by consent for their appointment, a hearing had and report made in favor of the plaintiff; the court, on a motion to set aside the report, would not permit the plaintiff to allege that the case was not referrible within the statute, although it was doubtful whether they would originally have ordered a reference, had a motion for the appointment of referees been made and opposed.

February 21. REFERENCE. This is an action of *covenant* upon a sealed instrument, by which the plaintiff agreed to sell to the defendants a quantity of timber, to be cut by the defendants upon a certain tract of land, and to be paid for by them in the manner particularly specified in the contract. After issued joined, the attorney for the plaintiff gave notice of a motion intended to be made for the appointment of referees, founded upon an affidavit of the plaintiff in interest, the assignee of the covenant, that the trial would require the examination of a long account. The motion was not made, the attornies for the parties agreeing upon referees, who were appointed by a rule of court entered by consent. A hearing was had before the referees, who made a report in favor of the plaintiff. The defendants made the necessary preparations to move this court to set aside the report, and obtained an order from a commissioner staying the entry of judgment until the application could be heard. The plaintiff now moves to *vacate* the order staying proceedings, on the ground that the report is not properly a *report of referees*, but rather an *award of arbitrators*.

*By the Court*, SAVAGE, Ch. J. This court has refused to interfere where a cause has been referred by consent without any rule for that purpose, because the court has no control over referees so chosen ; the referees in such case being mere arbitrators. 1 *Johns. R.* 315, 492, 3. So, though a rule be entered, if the action be one not referrible under the statute as *trover.* 17 *id.* 129. So if the case be referrible as assump-

sit, if the reference be not according to the statute, as for instance to two referees, with power to them to choose an umpire. 8 *Cowen*, 436. But if the action be one in which a long account might exist, if in point of fact the trial before the referees did not require the examination of a long account, the reference does not thereby become an arbitration; a judgment entered on such a report is regular and conclusive. In *Harris* v. *Bradshaw*, 18 *Johns. R.* 26, which was assumpsit for pine trees sold by special contract, and referred by rule by consent of parties, the plaintiff considered the report as an award, and sued upon it, but this court held it regular as a report of referees; it was said the reference was an admission that the case was within the act. *Armstrong* v. *Percy*, 5 *Wendell*, 535, was a case not referrible; it was assumpsit for failure of title to a horse sold. The cause was referred by consent, and a report made. On a motion to set aside the report on the merits, it was objected that the case not being referrible, the court would not entertain the motion. It was answered by Mr. Justice MARCY, upon the authority of *Harris* v. *Bradshaw*, that as the action is one (being assumpsit) which is referrible, although the court would not have ordered a reference in that particular case, yet they would not listen to such an allegation against the agreement and acts of the parties. *Thomas* v. *Reab*, 6 *Wendell*, 503, was an action of *covenant* for cutting timber contrary to the covenant. It was referred at the circuit after ten hours had been spent in hearing testimony. This court vacated the order for reference, because there was nothing in the case in the nature of an account. Had a motion been made in this case for a reference, and opposed, it may be doubted whether it would have been ordered, though something in the nature of an account did exist under the covenant; but the plaintiff moved for the reference on his affidavit that the trial would involve the examination of a long account. The trial did in fact require the stating an account; but if it had not, the plaintiff cannot be heard to make this objection contrary to his own oath and his own acts. A long account may well exist between the parties, where the remedy is by an action of cove-

ALBANY,
Feb. 1833.

Bloore
v.
Potter.

nant. *Thomas* v. *Reab* is clearly distinguishable from this case; there the reference was against the consent of the party who moved to vacate it, and he had done no act in pursuance of it.

Motion denied, with costs.