## DEDERICK'S ADMINISTRATORS *vs.* RICHLEY.

Actions for torts are not referrible under the statute authorizing references.

If such an action be referred by rule entered in pursuance of a stipulation, and a report be made and rule for judgment entered thereon, such latter rule will be set aside on motion ; the reference being a discontinuance of the suit, the cause is out of court, and the rule for judgment is unwarranted.

A rule for judgment may be entered on such report, if the stipulation contain an express authority for that purpose ; but nothing will be taken by implication—and even then the court will not review the doings of the referees.

A motion to set aside a rule for judgment in such cases may be made, although more than a year has elapsed since its entry.

April, 1838.

MOTION by defendant to set aside a judgment entered upon a *report of referees* in an action of *trover.* The action was brought for a number of promissory notes. Plea *not*

*guilty.* After issue joined, the attorneys for the parties entered into a written stipulation as follows : " This cause being one which upon the trial thereof *will involve the examination of long accounts,* therefore it is stipulated and agreed by and between the attorneys for the respective parties as follows, that is to say ; this cause shall be referred to three persons residing in or out of the county of Ulster, [the county where the venue was laid,] and *with the like effect as if the same were referred upon application of either party to the supreme court.*" The stipulation then provided the mode in which the referees should be selected, and that on filing the stipulation and appointment, " either party might enter a rule for such reference accordingly. After the referees had been named, a rule for the reference was entered by the plaintiff's attorney. The referees heard the cause and made a report in favor of the plaintiffs, on which judgment was perfected. The defendant brought a writ of error, which was dismissed by the *court for the correction of errors,* on the ground that it did not appear that the supreme court had actually made any order or rendered any judgment in the cause, and that the remedy of the defendant, if the reference amounted to a discontinuance of the action, was by application to the supreme court to set aside the judgment.

*A. Taber,* for the defendant, now moved to set aside the judgment.

*A. L. Jordan & M. T. Reynolds* opposed. An affidavit of the plaintiff's attorney was read, stating that the defence set up by the defendant was, that the notes had been *given* by the intestate to the wife of the defendant, and that the gift proceeded from the kind feelings of the intestate towards her in consideration of services rendered by her before her marriage ; and that in order to repel the evidence of a gift of the property, it became necessary to prove a great variety and number of articles or items of property which the intestate had furnished to the defendant's wife for a period of about ten years ; and that thus the trial involved the examination of a *long account* between the parties.

ALBANY,
April, 1838.

Dederick's
adm'rs
v.
Richley.

*By the Court,* BRONSON, J. This and other courts of record may order a reference, whenever a cause pending in it shall be at issue, and it shall appear that the trial of the same will require the examination of a long account on either side. 2 R. S. 384, § 39. The same provision, in substance, was first enacted in 1788, and has been in force ever since. 2 Greenl. 103, § 2; 1 R. L. 1801, p. 347, § 2; and 1 R. L. of 1813, p. 516, § 2. None of these statutes say any thing about the form of the action, but in all of them the language is broad enough to include actions for *torts* as well as those upon *contract;* and yet during the fifty years that this provision has existed, it seems never to have been supposed by the courts that it extended to actions for *torts,* although in such actions the accounts and dealings of the parties may incidentally come in question. It has always been regarded as a proceeding applicable only to the action of *assumpsit,* or *debt on simple contract,* where the accounts and dealings between the parties are directly in issue ; though it is possible that a reference may be ordered in the action of *covenant. Bloore* v. *Potter,* 9 Wendell, 480. *Thomas* v. *Reab,* 6 id. 503. The action of *assumpsit* frequently involves an examination into the dealings of the parties, as difficult and complicated, and requiring the same patient investigation, as the action of *account;* and the provision for a reference probably had its origin in this analogy between the two actions. The referees, in the one case, perform the same office that the auditors formerly did in the other. This distinction does not now exist; for after a judgment *quod computet* in the action of account, auditors are no longer assigned, but the cause is referred in the same manner as in the case of a long account. 2 R. S. 385, § 49.

Independently of what seems to have been the universal understanding of the profession, I cannot think that the legislature ever intended to take away the right of trial by jury in actions for *torts,* merely on the ground that the accounts and dealings of the parties might *incidentally* come in question. They intended to provide for those cases only where an account was *directly* involved in the issue, and where little was to be done beyond a proper adjustment of

the dealings of the parties. In the action of *account*, the right of the plaintiff is first settled by the judgment of the court, and then auditors are assigned (now referees) to adjust the balance ; and in *assumpsit*, although the trial will involve the examination of long accounts, it is the settled practice of the court not to order a reference where difficult questions of law will arise on the trial. Actions for torts can rarely, if ever, turn on the proper adjustment of an account. They usually involve other questions, both of law and of fact, which the parties have a right to insist shall be decided by the court and jury.

I do not think it necessary to review the cases on this subject. Many of them were cited in *Green* v. *Patchen*, 13 Wendell, 293. I think it a settled question that actions for torts are not referrible under the statute, although they may involve the examination of long accounts ; and if such an action is referred, it is a mere arbitration. The suit is discontinued, and the court has no power either to review the decision of the referees or to render judgment on their report. If the parties have provided by stipulation that judgment shall be entered, that is equivalent to a confession, and the parties may proceed accordingly ; but even in those cases the court will not review the decision of the referees. *Yates* v. *Russell*, 17 Johns. R. 461. *Camp* v. *Root*, 18 id. 22. *Johnson* v. *Parmely*, 17 id. 129. It follows from what has been said, that neither the recital in the stipulation that the trial would involve the examination of long accounts, nor the affidavit which has been submitted to prove that fact, can have any effect in the decision of this motion. If the fact of long accounts were fully established, the answer is that this was an action of trover, and not referrible under the statute.

It is said that the judgment can be maintained, on the ground that the stipulation provided for a reference with the like effect as if the cause were referred upon application of either party to the court. Had the reference been directed by the court, it may be that the plaintiffs would have been warranted in proceeding to judgment on the report. But in that case the defendant would have had a remedy by

ALBANY,
April, 1838.

Dederick's
adm'rs
v.
Richley.

writ of error. He has been deprived of that remedy in this case, because it did not appear that this court had in any way passed upon the question ; and the court for the corection of errors will not review any matter which has not been adjudged by the subordinate tribunal. When the court errs, the remedy is by writ of error ; but when the party, without the sanction of the court, enters an unauthorized judgment, the remedy is by motion to set it aside.

It is, I think; impossible to maintain the judgment without overturning former decisions. In all the cases where the judgment has been upheld, there was an express agreement that it might be entered. *Yates* v. *Russell*, already cited, and *Ex parte Wright*, 6 Cowen, 399. It is not enough that it can be inferred from the stipulation that the parties intended the cause should still remain in court. That inference might have been drawn in almost every case that has been decided. The stipulation has been made in a suit pending, the proceeding has been called a reference, a rule to refer has been entered in the usual manner, and the parties have in other respects proceeded as though a judgment was to follow. In *Camp* v. *Root* the referee was, by the terms of the order, *to report to this court ;* and yet, the action being *replevin*, this was held a submission to arbitration. In *Green* v. *Patchen*, the action was *trespass and false imprisonment*, and the parties agreed to refer the matter to three referees *to report thereon to this court* with all convenient speed, *and that either party have the right to make a case* on the usual terms. The parties evidently contemplated that the cause should remain in court, and yet it was held that the agreement to refer worked a discontinuance of the action. The principle upon which the cases proceed seems to be this : if the parties agree to an unauthorized reference, it amounts to nothing more than an arbitration ; the suit is at an end—the court has no longer any jurisdiction over the parties, and will take no further cognizance of the matter. If there is an express agreement that judgment shall follow the report, that is regarded as equivalent to a confession, and judgment may be entered accordingly. But the right to enter judgment where no action is pending, cannot be

taken by implication. There must be a warrant of attorney, or some other express authority for that purpose, or the judgment cannot stand.

The judgment was signed on the 11th November, 1835, and no judgment in any court of record can be set aside for irregularity on motion, unless the motion is made within one year after judgment. 2 R. S. 359, § 2. This provision relates to a mere technical irregularity, where the cause has been heard and decided on the merits. It cannot apply to a judgment entered without authority against a party not before the court.

Motion granted.