## DIDDELL a. DIDDELL.

*Supreme Court, First District ; Special Term, June,* 1856. *Again, August,* 1856.

ACTION FOR DIVORCE.—COUNTER-CLAIM.—REFERENCE.

I. In an action by a husband against his wife, for a divorce on the ground of adultery, the defendant cannot set up a "counter-claim" for a separation, on the ground of cruel and inhuman treatment.

II. Where, on motion to confirm the report of a referee, in an action for divorce on the ground of adultery, it did not appear by the moving papers that a jury trial had been waived, and consent to the reference had been given *in writing,* and *filed,* as required by section 266 of the Code,—*Held,* that the reference was irregular, and the motion must be denied.

I. *June.*—Motion to strike out a portion of an answer.

This action was brought by Robert Diddell against Abigail

Ann Diddell, his wife, to procure a divorce on the ground of adultery.

The complaint charged the plaintiff with the commission of acts of adultery with one Hill, at various times in 1855 and during the first four months of 1856. The answer denied the commission of the offence charged in the complaint. It further separately alleged, as the basis of a counter-claim, that the plaintiff had been guilty of several acts of cruel and inhuman conduct towards the defendant, which acts were described in the answer, and which were alleged to have been such as rendered it unsafe and improper that she should continue to cohabit with the plaintiff. It also averred abandonment, and neglect to provide for defendant's support. On these allegations the defendant prayed, as a counter-claim, that a separation from bed and board might be decreed by the court between the plaintiff and the defendant, with provision for the support of defendant and her child.

The defendant moved to strike out that portion of the answer which set up this counter-claim.

*E. W. Andrews* for the motion.—I. No other issue than that of adultery can be tried in this action. Cruelty and adultery are entirely distinct causes of divorce, and cannot be combined in the same bill as substantive causes of complaint. (Mulock *v.* Mulock, 1 *Edw. Ch. R.*, 14; Smith *v.* Smith, 4 *Paige*, 92; 11 *Ib.*, 166; 1 *Johns. Ch. R.*, 606; 6 *Ib.*, 163).

II. A cross bill, under the former equity practice, could not introduce new and distinct matters not embraced in the original bill. The cross bill was always founded upon matters drawn in question in the original suit. (*Hopk.* 48; *Mitford's Eq. Pl.* 81.)

III. The term counter-claim, as used in the Code, embraces such matters as under the equity practice were proper subjects of a cross bill. (*Van Sandtvoordt's Pleading*, 574.)

CLERKE, J.—In an action for a dissolution of the marriage contract on the ground of adultery, the defendant can set up in the answer the adultery of the plaintiff, and this, if proved, will, like condonation, be a bar to the action. This is *expressly*

provided for by the statute. But cruel and inhuman treatment is no bar, nor can it be set up by the way of counterclaim, with the view of obtaining affirmative relief by a judgment in favor of the defendant for a limited divorce. The article in the Revised Statutes relating to limited divorces, contemplates and presupposes that the party seeking such relief is an actor or plaintiff in an action ; and I do not think that such a defence can be the subject of a counter-claim, within the meaning of the Code, in an action for a dissolution of the marriage contract. It is not *connected with,* nor can it be said *to arise out of* the subject of the action,—*i. e.* the alleged adultery ; for the adultery is necessarily disclaimed, and is inconsistent with such a defence.

The transaction set forth in the complaint, and which forms the subject of the action, is the adultery ;—if the adultery is admitted, the plaintiff is entitled to his judgment, whatever may have been his treatment of the defendant. If it is denied, of course it cannot constitute a transaction or a subject with which any other cause of action can be connected, or from which such cause of action can arise.

The motion to strike out the counter-claim must be granted.

II. *August.*—Motion to confirm the report of a referee.

The answer of the defendant having been thus corrected, the following stipulation was entered into by the attorneys for the respective parties.

Title of the Cause.

It is hereby agreed by and between the parties to the above entitled action, that the right of trial by jury therein be, and the same is hereby waived, and that the said action be referred to Edward P. Cowles, Esq., to hear and determine the issues therein.

*Andrews & Judson,* Pltff's. Att'ys.<br>*E. R. L'Amoreux,* Def'ts Att'y.

New York, June 18, 1856.

This stipulation *was not filed* with the clerk ; nor was it *among the papers* on which this motion to confirm the report was made.

The following order was thereafter procured and entered.

June 19, 1856.

Present, Hon. T. W. Clerke, J.

Title of the Cause.

On filing a stipulation in this cause, signed by the attorneys for the respective parties,—It is ordered that it be referred to Edward P. Cowles, Esq., as sole referee, to take the evidence in this action, and report the same to this court.

Pursuant to this order, and to notice of trial before the referee, the respective parties appeared before the referee. Witnesses were called and examined by the plaintiff, and cross-examined by the defendant; the trial occupying four sessions.

The referee made a report of the testimony. He also made a supplemental report, finding as matter of fact that the defendant had been guilty of the offence charged in the complaint. The referee stated that his reason for reporting in this form was, that the order of reference did not specifically direct him to report his finding of the facts, and he doubted whether under it he ought to do more than report the testimony.

A motion was now made on behalf of the plaintiff, to confirm both reports.

*E. W. Andrews*, for the motion.

*E. R. L'Amoreaux* opposed ; on the ground that the cause had been irregularly referred.

WHITING, J.—In actions for adultery, if the offence charged be denied, the court *shall* direct a feigned issue to be made up, for the trial of the facts contested by the pleadings by a jury of the county. (2 *Rev. Stats.*, 145). The Code (§ 253) declares that an issue of fact in an action for divorce from the marriage contract on the ground of adultery, must be tried by a jury, unless a jury trial be waived, as provided in section 266. The waiver must be in writing by the party in person, or by attorney, and must be filed with the clerk. Upon such waiver, the cause may be tried either by the court, or the issues may be sent to a referee. It cannot be sent to a

Diddell *a.* Diddell.

referee except upon the written consent of the parties.*
(*Code*, § 270.)

* Several cases, in this State and elsewhere, decided under various statutes, authorizing reference upon written consent, hold that *to a certain extent*, appearance before a referee not properly appointed cures the defect. It seems to have been sometimes thought that appearance before the referee suffices to cure *any* defect in his appointment. But no case, we think, justifies this position.

The principles to be gathered from the decisions referred to—and there is no conflict among them—are these :—

1. The *form* of *reducing the consent to writing*—not the consent itself—is prescribed for the benefit of the party merely, and therefore may be waived.

2. Appearance before the referee may be such waiver.

3. The appearance, to amount to waiver, must involve an actual and intended submission of the rights of the party to adjudication by the referee

4. Appearance, even of this kind, only waives the formality of *writing* the consent ; but does not waive the necessity of a *consent*, nor the objection, that independent of the question of consent, the reference was one not authorized to be made.

It may be added, that there appears to be no case in which a reference has been sustained on ground of waiver of the written consent, where evidence of real consent, in some form, to the original order of reference, has not been produced, in addition to proof of appearance before the referee.

The cases are as follows :—

Bloore *a.* Potter, 1833, (9 *Wend.*, 480). The plaintiff noticed a motion for a reference, on the ground of long account. No motion was made, but referees were appointed by rule entered upon consent. There was a trial and report. The plaintiff afterwards assumed to treat the report as only an award, on the ground that the trial had not involved the examination of any long account. *Held*, that he could not be heard to make the objection " contrary to his own oath and acts."

Here was more than appearance. The plaintiff had sworn to a long account, noticed a motion to refer, and formally consented to the rule of reference.

Garcie *a.* Sheldon, 1848. (3 *Barb.*, 32). *Held*, notwithstanding an objection that the reference had been partially executed, that the cause was one which the court had not power to refer. That the objection, that plaintiff had proceeded on the reference was well taken, as far as related to questions of irregularity, but not as to the jurisdiction. That might be taken at any time.

This sustains the view that the objection that the reference is one not authorized by law, is not waived by appearance.

Renouil *a.* Harris, 1849. (1 *C. R.*, 125). This was a case of reference to three referees, under the Code then in force. Two referees were named by the parties, and appointed by order of court ; and they named a third. The objection was that no *order* was made, appointing the third. The reference was sustained. The remarks of the court show that the two things,—consent to the order, and afterwards an appearance which amounts to a submission of the controversy,—are what constitutes the waiver.

Luddington *a.* Taft, 1851, (10 *Barb.*, 448), has been several times referred to, as sustaining the doctrine of waiver of written consent. Such is not

The reference must be of the issues, and the referee should find, or pass upon the issues.

In an adultery case, a full compliance with the requirements of the statute should appear, and the referee should report his

---

its effect. The reference in that case was directed upon a *written* stipulation, and the only objection was that the reference was premature. In this case, however, there were both consent to the order, and appearance.

Keator a. The Ulster & Delaware Plank Road Co., 1851. (7 *How. Pr. R.*, 41). This was a motion to vacate an order of reference for want of a written consent. It was shown, however, that the parties had agreed there should be a reference, and had fixed upon a referee. The motion for reference was made in presence of defendant's counsel, by plaintiff's counsel; and on the day named for hearing, the defendant's attorney appeared before the referee and obtained a postponement. *Held*, that the irregularity was waived.

Stress was laid in the decision upon the fact that there was really a consent that the cause should be referred, as well as an appearance.

Leaycroft a. Fowler. (7 *How, Pr. R.*, 259). This case is quite similar to Renouil a. Harris, above-mentioned. There were two referees regularly appointed upon written consent. A third was afterwards added by parol consent given before the two first appointed, and noted in their minutes. *Held*, after trial and report, that the writing of the consent by the referee with leave of the parties, was a sufficient writing; and that if any more formal writing were necessary the parties might waive it.

In Ubsdell a. Root, (*Ante*, 142), stress is laid on there having been an agreement *de facto* to refer the cause, as well as an appearance and trial before the referee.

In addition to these cases may be mentioned the late case of Andrewes a. Elliott, (32 *Eng. L. & Eq. R.*, 311) Q. B. 1855. That case arose under 17 and 18 *Vict.*, *ch.* 125, which provides that parties may " by consent in writing" leave the decision "of any issue of fact" to the court. The parties consented orally that the cause should be tried by the court; it was so tried and found for the defendant; and plaintiff moved for a new trial. *Held*, that after consent of parties *de facto* has been given, neither party can be heard to say that the preliminaries have not been entered into. The decision was put upon the ground that the judge as such had a *general jurisdiction* sufficient to support a waiver of written consent.

The case, however, is not an exception to the principle that consent to the reference, as well as appearance, should be shown, to sustain the proceedings.

These cases are in harmony ; and afford no authority for holding—as has sometimes been contended—that more than the formality of putting the consent in writing (or giving it in open court), is waivable ; or for asserting a waiver of the objection, that the matter tried before the referee was not referable And they agree in requiring two constituent elements of the waiver ;—consent in point of fact that a reference be ordered, and actual submission to the jurisdiction of the referee.

When it is borne in mind, that in the case of Diddell a. Diddell, above, the written consent given to the reference, was not filed, and *was not before the court*, it will be seen that the case does not conflict with the rule of waiver of written consent, as that rule has been thus far laid down by the cases.

finding upon a proper rule of reference. In this case there does not appear on the papers before me, to have been any such written waiver of a jury trial, nor any written consent for the reference.

The rule for reference is not in compliance with the requisition of the Code, and although the referee in a supplemental report finds the facts, yet the issue was not referred to him.

The proceedings are irregular, and the motion to confirm the report of the referee must be denied. The parties must execute the proper written waivers and consents, and an order of reference entered in accordance with the provisions of the Code. Upon the coming in of a report under a correct order of reference, the proper order will be made.*

---

* By consent of parties, the following order was entered *nunc pro tunc.*

TITLE OF THE CAUSE. June 19, 1856.

Present, HON. T. W. CLERKE, Justice.

On reading and filing an agreement and stipulation made and signed by the attorneys for the respective parties to the above entitled action,—It is ordered that the said action be referred to Edward P. Cowles, Esq., residing in the city and county of New York, as sole referee, to hear and determine all the issues therein, and make his report to this court.

Upon this order, the referee made a new report, based upon the evidence taken before him under the original order, stating the conclusions found by him, and upon this report judgment of divorce was rendered.