## SUPREME COURT.

JOHN C. CAMERON agt. JONATHAN W. FREEMAN and others.

Under the provisions of the Code, as formerly under the Revised Statutes, the court cannot order a *reference* against the will of any of the parties, or without the consent of the parties, unless the issues in the action involve *directly* the examination of a *long account.*

It is not enough that such an examination may, in the progress of the trial, be-come important *collaterally* for the purpose of establishing some other issue.

An action of *tort* was never referable, although it frequently happened that the trial of such an action involved *incidentally* the examination of a long account.

Where it was denied that one of the defendants, to whose rights the plaintiff had succeeded, was ever interested as a partner in the transactions in respect to which an account was sought—*held,* that this issue must be established in fa-vor of the plaintiff, before an accounting can be necessary. And whether the transactions, in which it was alleged that such defendant had an interest, were settled and closed with another defendant as one of the partners—*held,* that this issue too would have to be determined against the defendants before the plain-tiff would be entitled to an accounting for any amount which might be due him.

*Albany Special Term, March,* 1859.

MOTION for a reference.

The facts in the case are substantially the same as are stated

in *Church* agt. *Freeman* (16 *How*. 294). The cause is at issue upon separate answers of all the defendants. The motion to refer was founded upon the pleadings, and an affidavit of one of the defendants, stating that the trial of the action will involve the examination of a long account, both on the part of the plaintiff and the defendant Church, both as to the liability of the defendants Freeman and Grant, and each of them, as claimed in the complaint, and also as to the extent of such liability.

W. A. BEACH, *for plaintiff.*
A. B. OLIN, *for defendant Freeman.*
J. H. REYNOLDS, *for defendant Grant.*
D. L. SEYMOUR, *for defendant Church.*

HARRIS, Justice. It is declared by the first subdivision of the 271st section of the Code, that the court may, without the consent of the parties, direct a reference "where the trial of an issue of fact shall require the examination of a long account on either side." Substantially the same provisions had long before existed. (2 *R. S.* 384, §§ 39, 41.) Under these provisions, it was well settled that a reference could not be ordered against the will of any of the parties, unless the accounts to be examined were directly in issue. An action for a *tort* was never referable, although it frequently happened that the trial of such an action involved *incidentally* the examination of a long account. "The legislature intended," says BRONSON, J., in *Dedrich's administrators* agt. *Richley* (19 *Wend*. 108), "to provide for those cases only where an account was *directly* involved in the issue, and where little was to be done beyond a proper adjustment of the dealings of the parties." (*See also Silmser* agt. *Redfield*, 19 *Wend*. 21; *Dewey* agt. *Field*, 13 *How*. 437; *McCullough* agt. *Brodie*, 13 *How*. 346.) In the latter case, BOSWORTH, J., says, that though "it may be true that the class of actions in which the court can order the whole action to be tried by the referee, without the consent of either party, is enlarged by the Code, the fact which warrants the exercise

of the power is the same now as when the Revised Statutes alone gave the authority to refer."

If this be so, if the fact, which warrants the court in direct- ing that the issues in the action shall be tried by referees, is the same now as it was when the court derived its authority to refer from the Revised Statutes, it follows, in the light of the established practice as it existed before the adoption of the Code, that the court is only authorized to direct a reference when the issues in the action involve *directly* the examination of a long account. It is not enough that such an examination may, in the progress of the trial, become important *collaterally* for the purpose of establishing some other issue.

In this case, it is denied that Coffin, to whose rights the plain- tiff has succeeded, was ever interested in the transactions in respect to which an account is sought. This issue must be established in favor of the plaintiff, before an accounting can be necessary, or even proper. Again, it is insisted that, whether Coffin was interested or not, the transactions have been settled and closed with the defendant Grant, one of the partners. This issue, too, will have to be determined against the defendants, before the plaintiff will be entitled to have an account stated, for the purpose of ascertaining any amount which may be due to the plaintiff. It is insisted, however, that this latter ques- tion incidentally involves the state of the accounts at the time the alleged settlement was made. This may be so. It is unnecessary now to determine whether, upon this issue, the plaintiff would be allowed to investigate the accounts between the parties, with a view to show that the settlement ought not to be enforced. Assuming that such evidence would be ad- missible, it does not render the issues to be tried referable, on the ground that they involve the examination of a long ac- count. Nor, on the other hand, is it required that the court, upon the trial of these issues, shall investigate these accounts. The second subdivision of the section of the Code, relating to this subject, provides for such a case. If, with a view to en- able the court upon the trial to determine whether the alleged settlement shall be held to conclude the parties, it shall be

deemed important to ascertain the state of the accounts at the time the settlement was made, the court will be authorized, if it think fit so to do, to order a reference to obtain this inform·ation. The referee, in such a case, does not decide the issues between the parties, but merely reports to the court the state of the accounts. Such references are analogous to those which might be made to a master in chancery, under the former system of equity practice, for the purpose of enabling the court to make the proper decree upon the coming in of the report. (*See Palmer* agt. *Palmer,* 13 *How.* 363 ; *Graham* agt. *Golding,* 7 *How.* 260.) In the latter case, it was held that the question of partnership must be settled by an issue or by the court, before a reference could be ordered. " Until it is known that there is a partnership," says MITCHELL, J., " it cannot be said that the trial will require the examination of a long account." In *Mills* agt. *Thursby* (11 *How.* 113), which case, though subsequently reported, was decided previously, the same learned judge had, under the peculiar circumstances of the case, to which he refers in *Graham* agt. *Golding,* granted a general order of reference to state the accounts of an alleged partnership. Upon an examination of that case, it will be found, that the pleadings *directly* involved an examination of the accounts between the parties. The partnership agreement was admitted. This agreement was conditional. The plaintiff, if within a specified time he had contributed a certain amount of capital, was a partner ; if he had not, then he was not a partner. To determine whether he had complied with this condition or not, an examination of the accounts was deemed necessary. Upon this ground alone, the motion for a reference was granted. The entire issue between the parties depended upon the state of the accounts between them.

In the case now under consideration, the first issue to be tried is, whether Coffin was ever a partner in the transactions in respect to which an account is sought. If he was not, there is no pretence that an accounting can be necessary. If, upon the trial, this issue should be determined in favor of the plaintiff, the court will be at liberty to make an interlocutory order

to that effect, and then order that the accounts between the parties be stated for its own information in respect to the other issues, and for that purpose may direct a reference, or it may proceed, without a reference, to determine the other issues. These are questions addressed to the discretion of the court upon the trial.

This motion, therefore, must be denied. The costs of opposing the motion should abide the event of the suit.

---

## SUPREME COURT.