In the matter of the settlement of accounts between STEPHEN G. AUSTIN, receiver of the Commercial Bank of Buffalo, and LEVERETT RAWDON and DAVID GROESBECK.

Where a receiver of a corporation procures the appointment of referees, to whom a matter in controversy between him as receiver and other parties is referred, pursuant to the statute, and the referees, after hearing the proofs and allegations of the parties, make their report, the statute does not authorize any *judgment* to be entered upon such report; and the court has no jurisdiction to render a judgment thereon, without action.

APPEAL from an order of a special term, denying a motion to set aside a judgment. Stephen G. Austin is the receiver of the Commercial Bank of Buffalo, and as such procured, in 1844, the appointment of three referees, to whom the matters in controversy between Austin, as receiver, and Rawdon & Groesbeck should be referred, pursuant to the statute. The referees heard the proofs and allegations of

In the matter of Austin.

the parties, and made their report, January 1, 1845, whereby they found due to the receiver, from Rawdon & Groesbeck, $4017.95. Rawdon & Groesbeck immediately thereafter moved the supreme court, on affidavit, and a special report of the referees, at general term, to set aside the report. This motion was denied in 1848, and in 1849 the defendants appealed to the court of appeals, and in July, 1850, that court affirmed the order by default, the appellants not appearing. In October, 1850, the receiver commenced an action by summons and complaint against Rawdon & Groesbeck, counting on the report of the referees. Groesbeck was not served with process. Rawdon was, and appeared and answered. Judgment was recovered in this action in January, 1851, in form against both defendants as joint debtors, for $5877.03, including costs. January 21, 1854, Austin filed the remittitur from the court of appeals, and, at a special term, obtained an order in which the order of the court of appeals in the remittitur is recited as affirming in all things the decision and proceedings of the supreme court, and ordering and adjudging that the respondent recover against the appellants his costs in the court of appeals, to be taxed, and also interest on the amount of the decision and proceedings of the supreme court, appealed from, by way of damages for the delay and vexation caused by the bringing of the said appeal, and that the proceedings in said court be remitted to this court, to be proceeded upon according to law. The special term then proceeded to adjudge that Austin have judgment in this court in accordance with said judgment of the court of appeals; that the judgment of the last mentioned court be made the judgment of this court in all things; that Austin, the receiver, &c. do recover against the said Rawdon & Groesbeck $4017.95, so reported and found to be due to the said receiver from the said Rawdon & Groesbeck, and the interest thereon from the 1st day of January, 1845, the date of the report, together with costs of the proceedings in this action, in this court, and in the said court of appeals, to be

assessed, taxed and adjudged by the clerk of this court ; and that the remittitur from the said court of appeals, and a copy of this order be attached to the judgment roll, to be made and filed in this cause, and form a part thereof. January 26, 1864, the costs having been adjusted, the judgment roll was filed and judgment docketed.

The motion in the special term was made by Groesbeck to set aside that judgment. The motion was denied, and Groesbeck appealed to the general term.

*L. W. Thayer*, for the appellant.

*S. G. Austin*, in person, and

*J. C. Strong* for the respondent.

*By the Court*, MARVIN, J. I know of no law authorizing the judgment. I assume all the proceedings for the appointment of the referees and their proceedings resulting in their report, to be correct and as authorized by the revised statutes, vol. 2, p. 45, sections 19 to 25 inclusive ; and p. 469, section 73. The difficulty is, that the statute does not authorize any judgment to be entered upon the report of the referees. It declares that " the report shall be filed in the same office where the rule for their appointment was entered, and shall be conclusive upon the rights of the parties, if not set aside by the court." (2 *R. S.* 45, § 25.) Here is no authority for entering judgment upon the report. The controversy related to a debt claimed by the receiver in favor of the bank against Rawdon & Groesbeck. By the statute the referees possessed the same powers and were subject to the like duties and obligations, as referees appointed by the supreme court in actions pending therein. (2 *R. S.* 45, § 24.) It will be seen what these powers and duties are, by consulting 2 *R. S.* 384, §§ 42 to 47 inclusive. They are to proceed with diligence to hear and determine the matters in controversy, (§ 42 ;)

they are to take an oath to make a just and true report according to the best of their understanding, (§ 44;) they may be compelled to make a report of the amount they find due to either party, (§ 47.) By section 48, "If the report of the referees be confirmed by the court, judgment shall be entered thereon, in the same manner and with the like effect as upon the verdict of a jury." It is by virtue of this provision that judgment is entered upon the report of referees in actions pending in the court. But there is no such provision in the statutes touching the reference in question. Nor are the proceedings, under the insolvent debtor acts, and the act in relation to receivers of insolvent corporations, in any just sense, actions pending in court. They are special proceedings, authorized and regulated by statute. The referees have no authority to direct judgment in these proceedings, or in the references under the revised statutes, in actions pending. In the latter cases the judgment is authorized by the express provisions of the statute, in an action regularly commenced and pending. But in the class of references under consideration, there is no such provision or authority in the statutes, and the court has no jurisdiction to render a judgment upon the report, without action. The statute provides for the filing the report, and declares that it shall be conclusive on the rights of the parties, if not set aside by the court. A common law award of arbitrators is conclusive on the rights of the parties, unless it can be impeached, but no court has authority to enter judgment upon such award, without action upon it. There are proceedings authorized by statute, which may result in judgment. Thus certain controversies may be submitted by an instrument in writing, to the decision of arbitrators, and the parties may, in such submission, agree that a judgment shall be rendered upon the award, and the court in such cases may confirm, or modify the award, and render judgment in pursuance of the award. The proceedings are regulated by statute, which also authorizes the rendition of the judgment. (*See* 2 *R. S.* 541, §§ 1, 14, 15.) Such sub-

mission is not an action pending, as either party to it may revoke it at any time before the cause shall have been submitted to the arbitrators for their decision. The statute relating to the duties of executors and administrators authorizes a reference under certain circumstances to persons approved by the surrogate, and the proceeding may result in a judgment, as the statute so provides. (2 *R. S.* 89, §§ 36, 37.) So in the act to facilitate the closing up of insolvent mutual insurance companies, passed in 1862, (*ch.* 412,) there may be a reference to a sole referee, "and upon his report a judgment may be entered in said court, and be the judgment of said court, in the same manner," that is, as in personal actions pending in the court.

It may be well to observe that the revised statutes relating to references in insolvent debtors cases were amended at the same session of the legislature, 1861, authorizing the reference to a sole referee, but the power to enter judgment upon the report was not given.

It is very clear to my mind that we have no statute or practice justifying the entry of judgment in the case under consideration, and the special term should have granted the motion, and set the judgment aside.

The counsel for both parties refer to the *Matter of Denny and the Manhattan Company,* (2 *Hill,* 220.) In that case the jurisdiction of the referees was objected to, and they made a special report of facts, and the question of jurisdiction was submitted to the court, and it was held that they had no jurisdiction, and the report was set aside. It is true a motion was made for judgment on the report, and also a motion to set it aside. It does not appear that the question we are considering was either discussed by counsel or considered by the court, though from the concluding remark in the opinion it may perhaps be argued that the court were of the opinion a judgment could be entered upon the report, as the motion for judgment was denied upon the objection to the jurisdiction of the referees, which was the sole ques-

In the matter of Austin.

tion discussed by the court. It does not however follow that the court would not, upon examination of the question, have come to the conclusion as we have, that no judgment is authorized upon the report, though the referees may have had jurisdiction.

It was not claimed upon the argument in this case that the statute authorizes a judgment upon the report, but the learned counsel undertook to establish the position that this court possessed inherent power to render judgments, and of course the judgment in question; that there was no irregularity in the rendition of the judgment, and if there was error, which was denied, it should be corrected by an appeal. This argument is entirely unsatisfactory. The court must have jurisdiction of the parties and the subject matter. This is usually obtained by action at common law, commenced and conducted according to the settled practice or as modified and regulated by statute. Or if the proceeding be special, authorized and regulated by statute, the authority in the court to render judgment must be given by statute. The provisions of the code touching trials by referees have no application to this case. The proper remedy in this case has been adopted, viz: a motion to set aside the judgment, &c. (*Dederick's adm'rs* v. *Richley*, 19 *Wend.* 108.)

. These views dispose of the question. The judgment was wholly unauthorized, and must be set aide. It is quite unnecessary to go further and examine the question arising upon the judgment in the action against Rawdon & Groesbeck, upon the report, though I will remark that in my opinion the receiver adopted the proper remedy when he brought his action upon the report, and he must pursue that remedy according to the provisions of the statutes. The rights of the plaintiff and the defendant not served with process in the action are very fully considered in *Oakley* v. *Aspinwall*, (4 *N. Y. Rep.* 514.)

The code has given a remedy differing from that previously existing. The defendant not originally summoned to answer

the complaint, may be summoned to show cause why he should not be bound by the judgment, in the same manner as if he had been originally summoned; and he may answer denying the judgment, or setting up any defense which may have arisen subsequently, or which he might have originally made, except the statute of limitations. (*Code*, §§ 375, 379.) The judgment is conclusive evidence of liability, against the party served with process. But this is not so as to the defendant not served. (2 *R. S.* 377, § 2; *and see Code*, § 136.) The plaintiff's remedy against Groesbeck is, I have no doubt, a summons to show cause why he should not be bound by the judgment. It is not necessary to remark that the decision of the court of appeals could give no right to this court to render a final judgment upon the report. The court of appeals affirmed the order of the supreme court, denying the motion to set aside the report of the referees, and gave certain costs, and this is all that can be claimed from the order of that court.

The counsel for Groesbeck makes the point that the statute under which the reference was had is in conflict with the constitution, securing the right of trial by jury. It is not necessary to the decision of this motion, and I refrain from expressing any opinion upon the question.

The order of the special term must be reversed, with $10 costs, and the motion to set aside the judgment must be granted, with $10 costs.

[ERIE GENERAL TERM, February 13, 1865. *Grover, Daniels* and *Marvin,* Justices.]