Gilbert, J.
Conceding the existence of a power to order a compulsory reference in this case, I consider it is not a proper case for its exercise. The question to be determined relates to the legal effect of certain transactions between the principal defendant and members of his family. An examination of an account is not directly involved, but can become necessary only as a mode of proving a fact in controversy (19 Wend., 108; 10 Abb. Pr., 333). A defendant sued for a libel charging a merchant with being insolvent, might demand a reference on the same ground. Courts of justice are the appropriate places for determining the rights of parties litigant. References are proper only as aids to facilitate the transaction- of business. The growing multiplication of them within the last fifteen years has been an evil prolific of individual injustice and public alarm. I am not disposed to encourage, but rather to restrain the practice on this subject. It may be added that one of the reforms intended to be accomplished by the new judicial system under our present constitution, was the abolition of the old practice in equity cases, of taking testimony out of the court before examiners in chancery, and afterwards determining the case on pleadings and proof. To refer such cases without consent, would in some instances be not only to restore, but to add to the evil!
The motion is denied, with $10. costs, to abide event.