By the Court.—Monell, Ch. J.
The affidavit, upon which in part the motion was founded, that the trial would require the examination of a long account, consisting of upward of sixty different items, was sufficient, prima facie, to authorize the reference. It was not controverted by the defendant, and must have been taken as true by the court below.
, The action was upon contract, and, therefore, referable, if the trial of it will require the examination of a long account on either side.
If the question was presented on the pleadings alone, I should be of the opinion that, under the authority of Evans v. Kalbfleisch (36 Superior Ct. 450), and Ross v. Combes (37 Id. 289,)the action was not referable.
The cause of action stated, is upon a special con tract for work and materials, to be performed and furnished, at a fixed and determined price. To establish the cause of action, proof of such a contract, and of its performance as a condition precedent, will be required. But proof of performance will not require the examination of a long account within the meaning of the law. It is merely collateral or incidental to the cause of action, and general proof of performance, would *207 probably be sufficient. The account to be examined, must be directly and mainly involved, and must require proof in detail of delivery and value, and the recovery must be of such value. In that case the examination of the account is immediately in issue, and is the direct issue to be tried. But where no value is to be ascertained, that having been fixed by the contract, and performance only has to be proved, there is no account to be examined. As is said in Dedericks v. Richley, (19 Wend. 108), “the legislature intended to provide for those cases only, when an account was directly involved in the issue, and where little wa,s to be done beyond a proper adjustment of the dealings of the parties.”
But I think the question is not to be determined by the pleadings, but by the uncontradicted affidavit' of the plaintiffs. In Kain v. Delano, (11 Abb. Pr. N. S. 29), the statement that the trial would require the examination of a long account, was “circumstantially and fully denied by the affidavit of the defendant,” leaving the question to be decided upon the pleadings alone.
This action being upon contract, and, therefore, referable (Welsh v. Darragh, 52 N. Y. 590), the sufficiency of the proof that an account was involved, and that its examination would be required at the trial,- was a question for the judge at special term, and we will not disturb his conclusion (Ronalds v. Mechanics’ National Bank of New York, 37 N. Y. Superior Ct. 208).
Order affirmed, with costs.
Sedgwick and Speir, JJ., concurred.