## BARBER v. LANE.

(Supreme Court, Appellate Division, First Department.  April 4, 1901.)

1. AGREEMENT TO REFER—ARBITRATION—AWARD—APPEAL.
    Where an action pending in a municipal court was referred by stipulation to a referee, on whose report judgment was to be entered with the same force and effect as on a trial by the court, and the justice refused judgment on the referee's report because he had no power to render it, the report should not be upheld as an award, since an appeal was contemplated in the stipulation, and giving the latter the effect of an agreement to arbitrate would give the report an entirely different force and effect than that contemplated by the agreement made.

2. REFEREE'S FEES —PAYMENT — NECESSARY DISBURSEMENTS — INCLUDING IN JUDGMENT—SUIT TO RECOVER.
    Where it was agreed that fees of a referee and stenographer were to be necessary disbursements in an action, and should be included in the judgment to be entered on the report, and plaintiff paid such fees, he would have no right to sue to recover from defendant the amount paid.

8. COMPLAINT—SUFFICIENCY—STENOGRAPHER'S FEES—PLAINTIFF AND DEFENDANT TO PAY HALF EACH.
    Where a complaint merely alleged that it was agreed between plaintiff and defendant to pay each one-half of a stenographer's fees for taking testimony on a reference made by stipulation of the parties, and that the stenographer assigned his claim against defendant to plaintiff, it did not show a cause of action.

    O'Brien, J., dissenting.

Appeal from special term, New York county.

Action by Simeon M. Barber against James T. Lane. From a judgment overruling demurrer to complaint (68 N. Y. Supp. 147), defendant appeals.  Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

William L. Snyder, for appellant.
Joseph M. Allen, for respondent.

INGRAHAM, J.  The complaint alleges that on the 23d day of June, 1899, an action was pending in the municipal court of the city of New York between the plaintiff and the defendant for goods sold and delivered; that on said date the parties to that action entered into a stipulation in writing to refer the matter to a referee to try and determine the issues therein, and to return the testimony and report his decision thereon, the same to have the same force and effect as the judge's minutes and decision upon a trial by the court, and it was agreed that judgment might be entered in said court upon such report with same force and effect as upon a trial by the court; that such stipulation and order was made by the justice appointing a. referee to try and determine the issues, and to report the testimony and his decision thereon, the same to have the force and effect of the judge's minutes and decision upon trial by the court, and that judgment might be entered upon, and in accordance with, said referee's report and decision; that both of said parties appeared in person before said referee, and said proceedings were had upon the consent of both parties, and the testimony was submitted to the referee, and

that before submitting their proofs the parties entered into a stipulation, and caused the same to be entered and noted upon the minutes of the referee, that the fees of the referee should be $10 a hearing, that a stenographer should be employed, and that the referee's and stenographer's fees should be paid by the prevailing party; that thereafter the referee made his report in writing in favor of the plaintiff, and said report, together with the minutes of the testimony, were duly returned to and filed in the clerk's office of said municipal court; that the stenographer's fees were fixed at $100 by stipulation that each party was to pay one-half of such fee, and that the sums so paid should be a necessary disbursement in the action, added to, and included in the judgment upon the award; that the fees of the referee amounted to the sum of $100, which the plaintiff paid, and also one-half of the stenographer's fees, amounting to $50, and that the costs in the action in the municipal court were $13.15; that subsequently an application was made to the justice of the municipal court for judgment upon the referee's report and decision, which the justice refused to give, or to take any further action therein. There was a second cause of action alleged, by which the plaintiff, as the assignor of the stenographer, sought to recover $35, the balance of $50 which it was agreed the defendant should pay the stenographer for his services in taking the testimony. The plaintiff seeks to recover in this action the amount found due by the referee, the costs in the action, the referee's fees, and the stenographer's fees, less $15 paid by the defendant on account thereof. This demurrer was overruled, the court below holding that the report of a referee in an irregular reference inures as an award of arbitrators, and based his decision upon the case of Diedrick v. Richley, 2 Hill, 271.

It is quite clear that this order of reference entered upon such a consent in the municipal court was absolutely void, and conferred no authority upon the referee, and that the proceedings before the referee were also void. The municipal court being a court not of record, with limited jurisdiction, had no power to confer any authority upon a referee to hear and determine any action before it, and it was correctly held by the justice of the municipal court that no force or effect could be given to this report of the referee based upon an order by consent. This is not disputed by the plaintiff. He, however, claims that this report of the referee can stand and be enforced as an award of arbitrators to whom the parties to this controversy have submitted their dispute, and that his report stands as such an award, which either party could enforce by action. It seems to me that the fundamental difficulty with this contention is that neither party to the controversy understood that he was submitting his matter in dispute to an arbitrator, and there is no agreement to that effect. They did agree that the court should appoint a referee to try their case, whose report was to stand as the judgment of the court. If this stipulation could be carried out, the defeated party would have a right to appeal from that judgment, and the question as to the justice of the judgment directed by the referee could be reviewed. It was such a report that the parties had in contemplation when they signed this stipulation, and the effect of the award was

limited by the express agreement of the parties when it was agreed between them that the judgment of the municipal court should be entered upon the report of the referee. To give an agreement the force and effect of an agreement to arbitrate the differences between the parties would be to enforce an entirely different agreement than that made by the parties, and would give the report of this referee an entirely different force and effect than that contemplated by the agreement that was made. In Diedrick v. Richley, supra, the stipulation for the reference was very different from the one at bar. The form of that stipulation is seen on an examination of the same case in 19 Wend. 108. It there appears that the attorneys for the parties entered into a stipulation as follows:

"This cause being one which upon the trial thereof will involve the examination of long accounts, therefore it is stipulated and agreed, by and between the attorneys for the respective parties, as follows, that is to say: This cause shall be referred to three persons residing in or out of the county of Ulster (the county where the venue was laid), and with the like effect as if the same were referred upon application of either party to the supreme court."

The parties having proceeded under this stipulation, the court held that a judgment entered upon the report of the referee could not be sustained, the court saying:

"Had the referee been directed by the court, it may be that the plaintiffs would have been warranted in proceeding to judgment on the report. But in that case the defendant would have had a remedy by writ of error. He has been deprived of that remedy in this case, because it did not appear that this court had in any way passed upon the question, and the court for the correction of errors will not review any matter which has not been adjudged by the subordinate tribunal."

There was no agreement in that case that a judgment could be entered upon the report, and in the absence of such a stipulation in the agreement, it being merely an agreement to submit the question in controversy to referees without any understanding as to the effect of the report, it was held that it was a general agreement to arbitrate the differences between the parties.

Here there was no such agreement. There was a stipulation that the case should be tried before a referee, whose report should have a certain definite status, under which a judgment could be entered by the successful party in the municipal court, and under which the parties would have certain rights; there being imposed upon the defeated party certain definite obligations. A general agreement to arbitrate would impose upon both of the parties different rights and obligations, and to impose these upon the defendant would be imposing upon him obligations which he never assumed. As to the referee's fees and the stenographer's fees, there was no agreement by the defendant that he would pay them. It was agreed that they should be disbursements in the action, and should be a part of the judgment that was to be entered, but upon no principle that I know of would the person that paid them have the right to sue to recover from the defendant the amount paid.

As to the second cause of action, it is not alleged that the defendant agreed with the stenographer to pay any part of his fees, or that

he employed the stenographer to render any services for him. It is alleged that he had an agreement with the plaintiff by which each party agreed to pay the stenographer one-half of the stenographer's fees; but as it is not alleged that the plaintiff was under any obligation to pay the stenographer when that agreement was made, or that the plaintiff had actually paid the stenographer the portion of the fees that the defendant agreed with the plaintiff he would pay, I cannot see that there is any cause of action for that sum.

I think, therefore, that the demurrer should have been sustained, and the judgment is therefore reversed, with costs, and an interlocutory judgment directed sustaining the demurrer, with costs, with leave to the plaintiff to amend upon payment of costs in this court and in the court below. All concur, except O'BRIEN, J., who dissents.