SIMEON M. BARBER, Respondent, *v.* JAMES T. LANE, Appellant.

*An order of reference in the Municipal Court of New York is a nullity — the consent thereto does not create an arbitration — the referee's and stenographer's fees cannot be recovered by the successful party.*

The parties to an action pending in the Municipal Court of the city of New York cannot, by stipulation, confer jurisdiction on the court to appoint a referee to hear and determine the action.

The report of the referee so appointed cannot be enforced as an award of arbitrators, as to give such effect to the report would be to enforce an agreement entirely different from the one made by the parties.

The party prevailing on the reference is not entitled to recover, from the other party thereto, the amount paid to the referee and to the stenographer employed

on the reference, where it appears that the parties stipulated that such expenditures should be treated as disbursements in the action and be included in the judgment to be entered upon the report.

The fact that the parties agreed that each of them should pay one-half of the stenographer's fees, does not entitle the prevailing party, in the absence of an allegation that he was under obligation to pay or had actually paid the stenographer, to recover from the other party the one-half which the latter agreed to pay.

O'BRIEN, J., dissented.

APPEAL by the defendant, James T. Lane, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, bearing date the 7th day of November, 1900, and entered in the office of the clerk of the county of New York overruling a demurrer to the complaint.

*William L. Snyder*, for the appellant.

*Joseph M. Allen*, for the respondent.

INGRAHAM, J. :

The complaint alleges that on the 23d day of June, 1899, an action was pending in the Municipal Court of the city of New York between the plaintiff and the defendant for goods sold and delivered ; that on said date the parties to that action entered into a stipulation in writing to refer the matter to a referee to try and determine the issues therein and to return the testimony and report his decision thereon, the same to have the same force and effect as the judge's minutes and decision upon a trial by the court, and it was agreed that judgment might be entered in said court upon such report with the same force and effect as upon a trial by the court ; that pursuant to such stipulation an order was made by the justice appointing a referee to try and determine the issues and to report the testimony and his decision thereon, the same to have the force and effect of the judge's minutes and decision upon trial by the court, and that judgment might be entered upon, and in accordance with, said referee's report and decision ; that both of said parties appeared in person before said referee and said proceedings were had upon the consent of both parties, and the testimony was submitted to the referee, and that before submitting their proofs the parties entered into a stipulation and caused the same to be entered and noted upon

the minutes of the referee that the fees of the referee should be ten dollars a hearing; that a stenographer should be employed, and that the referee's and stenographer's fees should be paid by the prevailing party; that thereafter the referee made his report in writing in favor of the plaintiff, and said report, together with the minutes of the testimony, were duly returned to and filed in the clerk's office of said Municipal Court; that the stenographer's fees were fixed at one hundred dollars, by stipulation that each party was to pay one-half of such fee, and that the sums so paid should be a necessary disbursement in the action, added to and included in the judgment upon the report; that the fees of the referee amounted to the sum of one hundred dollars, which the plaintiff paid, and also one-half of the stenographer's fees, amounting to fifty dollars, and that the costs in the action in the Municipal Court were thirteen dollars and fifteen cents; that subsequently an application was made to the justice of the Municipal Court for judgment upon the referee's report and decision, which the justice refused to give or to take any further action therein. There was a second cause of action alleged, by which the plaintiff, as the assignor of the stenographer, sought to recover thirty-five dollars, the balance of fifty dollars, which it was agreed the defendant should pay the stenographer for his services in taking the testimony. The plaintiff seeks to recover in this action the amount found due by the referee, the costs in the action, the referee's fees and the stenographer's fees, less fifteen dollars paid by the defendant on account thereof. This demurrer was overruled, the court below holding that the report of a referee in an irregular reference inures as an award of arbitrators, and based his decision upon the case of *Diedrick* v. *Richley* (2 Hill, 271).

It is quite clear that this order of reference entered upon such a consent in the Municipal Court was absolutely void and conferred no authority upon the referee, and that the proceedings before him were also void. The Municipal Court being a court not of record, with limited jurisdiction, had no power to confer any authority upon a referee to hear and determine any action before it, and it was correctly held by the justice of the Municipal Court that no force or effect could be given to this report of the referee based upon an order by consent. This is not disputed by the plaintiff.

BARBER *v.* LANE.

He, however, claims that this report of the referee can stand and be enforced as an award of arbitrators to whom the parties to this controversy have submitted their dispute, and that his report stands as such an award which either party could enforce by action. It seems to me that the fundamental difficulty with this contention is that neither party to the controversy understood that he was submitting his matter in dispute to an arbitrator, and there is no agreement to that effect. They did agree that the court should appoint a referee to try their case whose report was to stand as the judgment of the court. If this stipulation could be carried out the defeated party would have a right to appeal from that judgment, and the question as to the justice of the judgment directed by the referee could be reviewed. It was such a report that the parties had in contemplation when they signed this stipulation, and the effect of the award was limited by the express agreement of the parties when it was agreed between them that the judgment of the Municipal Court should be entered upon the report of the referee. To give an agreement the force and effect of an agreement to arbitrate the differences between the parties would be to enforce an entirely different agreement than that made by the parties, and would give the report of this referee an entirely different force and effect than that contemplated by the agreement that was made. In *Diedrick* v. *Richley* (*supra*) the stipulation for the reference was very different from the one at bar. The form of that stipulation is seen on an examination of the same case in 19 Wendell, 108; it there appears that the attorneys for the parties entered into a stipulation as follows: " This cause being one which upon the trial thereof will involve the examination of long accounts, therefore it is stipulated and agreed by and between the attornies for the respective parties as follows, that is to say: this cause shall be referred to three persons residing in or out of the county of Ulster (the county where the venue was laid) and with the like effect as if the same were referred upon application of either party to the Supreme Court." The parties having proceeded under this stipulation, the court held that a judgment entered upon the report of the referee could not be sustained, the court saying: " Had the reference been directed by the court it may be that the plaintiffs would have been warranted in proceeding to judgment on the report. But in that case the defend-

ant would have had a remedy by writ of error. He has been deprived of that remedy in this case because it did not appear that this court had in any way passed upon the question; and the court for the correction of errors will not review any matter which has not been adjudged by the subordinate tribunal." There was no agreement in that case that a judgment could be entered upon the report, and, in the absence of such a stipulation in the agreement, it being merely an agreement to submit the question in controversy to referees without any understanding as to the effect of the report, it was held that it was a general agreement to arbitrate the differences between the parties.

Here there was no such general agreement. There was a stipulation that the case should be tried before a referee whose report should have a certain definite status, under which a judgment could be entered by the successful party in the Municipal Court, and under which the parties would have certain rights, there being imposed upon the defeated party certain definite obligations. A general agreement to arbitrate would impose upon both of the parties different rights and obligations, and to impose these upon the defendant would be imposing upon him obligations which he never assumed.

As to the referee's fees and the stenographer's fees, there was no agreement by the defendant that he would pay them. It was agreed that they should be disbursements in the action and should be a part of the judgment that was to be entered, but upon no principle that I know of would the person that paid them have the right to sue to recover from the defendant the amount paid.

As to the second cause of action, it is not alleged that the defendant agreed with the stenographer to pay any part of his fees, or that he employed the stenographer to render any services for him. It is alleged that he had an agreement with the plaintiff by which each party agreed to pay the stenographer one-half of the stenographer's fees; but as it is not alleged that the plaintiff was under any obligation to pay the stenographer when that agreement was made, or that the plaintiff had actually paid the stenographer the portion of the fees that the defendant agreed with the plaintiff he would pay, I cannot see that there is any cause of action for that sum.

I think, therefore, that the demurrer should have been sustained,

and the judgment is, therefore, reversed, with costs, and an inter-locutory judgment directed sustaining the demurrer, with costs, with leave to the plaintiff to amend upon payment of costs in this court and in the court below.

VAN BRUNT, P. J., and McLAUGHLIN, J., concurred; O'BRIEN, J., dissented.

Judgment reversed, with costs, and demurrer sustained, with costs, with leave to the plaintiff to amend on payment of costs in this court and in the court below.