ALBANY,
Feb. 1825.

Shaw
v.
Ayrs.

tice, that I shall move this honorable Court, at the next term thereof, to be holden at the Capitol in the city of Albany, on the third Monday in October next," &c. The notice was dated the 28th of January, 1825, and served in season for this term.

*A. Conkling*, contra, objected, that from the terms of the notice, the time for making the motion would not arrive till October term *next*.

---

### SHAW *against* AYRS, impleaded with AYRS.

Manner of
showing how
questions of
law will arise
so as to oppose
motion for a
reference.

C. M. LEE, moved for a reference, on the usual affidavit.

*W. M. Oliver*, contra, produced a sworn copy of the declaration, which consisted of two special counts only, upon an agreement. The declaration recited, that the plaintiff being possessed of certain goods and notes belonging to one Stoddard, who owed the plaintiff, he, at the request of the defendants, promised to deliver the goods to them ; in consideration of which premises the defendants promised to receive the goods and notes, and pay the plaintiff the demands which he then had, or should thereafter have against Stoddard, provided that the plaintiff should purchase no demands against Stoddard after the 29th of December, 1823. The declaration averred, that the plaintiff had always been ready to deliver the goods and notes.

It appeared from the second count of the declaration, as well as by an affidavit produced by Mr. Oliver, that this

agreement was in writing, setting forth the consideration as it was stated in the declaration, and signed by the defendants only. The affidavit of one of the defendants also stated that a question of law would arise, viz. whether the plaintiff could recover without an actual delivery of the goods? this being, as would be contended, a condition precedent upon the agreement which would be proved, (though not perhaps distinctly appearing to be such upon the face of the declaration;) and this, especially, as the agreement was executed by the defendants only.

*Curia.* Here is no averment of delivery, or of an offer to deliver the goods and notes; and a question of law may very well arise upon the proof, whether the contract in question was such as to bind the defendants, without any farther act or consideration than a mere promise to deliver the goods. It is sworn that this question will arise, and the manner in which it may arise sufficiently appears from the declaration and affidavit.

Motion denied.