IN THE

## SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW-YORK,

Commencing 23d December, 1830, and ending 22d September, 1831.

---

### Tmomas *vs.* Reab.

An action of *covenant* is not a proper cause for *reference*, although the claim of the plaintiff consists of various items of damage. A reference is proper only where the matter in controversy arises upon an *account* existing between the parties.

*It seems*, however, that a reference would be ordered in an action of covenant, should the trial thereof require the examination of a long account.

Motion to vacate rule for reference ordered by a circuit judge. The action was *covenant*, on a lease by a landlord against his tenant. The tenant had covenanted not to cut green or growing timber on the demised premises during the term ; to make all necessary repairs, during the term, at his own expense ; to keep the premises in tenantable repair, and at the expiration of the term, deliver them up in such repair. The plaintiff assigned breaches of each of those covenants. The defendant pleaded *non est factum*, general performance, special performance, denial, and licence to cut timber. The cause came on to trial at the circuit, and after *ten* hours spent in examining witnesses on the part of the plaintiff, and he resting, the defendant's counsel opened the defence. Whereupon the circuit judge, without the motion of the de-

fendant's counsel, and in opposition to the wishes of the plaintiff's counsel, ordered a rule to be entered, *referring* the cause to three referees, and discharged the jury. A motion was now made to vacate the rule of reference. In opposition to the motion, it was shewn that the claim of the plaintiff consisted of a great number of *items*, and that the time spent on the trial was occupied in proof of such items.

*J. Willard*, for the plaintiff. This is not a referrible cause. It is only where the trial will require the examination of a long *account*, that an order can be made for the reference of a cause. 2 *R. S.* 384, § 39, 41. Had the reference proceeded, and had the plaintiff obtained a report in his favor, a judgment on such report would have been erroneous. A reference has never been ordered in an action of *covenant*.

*J. Edwards*, for defendant. Whenever the trial of a cause requires an examination of a variety of items, it is a proper case for reference. Although the action be *covenant*, the trial may involve the examination of a long account.

*By the Court*, SUTHERLAND, J. It may well be that the trial of a cause in an action of *covenant* may require the examination of a long account, but this is not such a case. There is nothing of the nature of an account in it, although there may be sundry items of damage. The statute authorizes a reference only where the matter in controversy arises upon an *account* existing between the parties. The cause is not referrible, and the order for reference must be vacated.

Motion granted.