SILMSER *vs.* REDFIELD and others.

A *reference* can be had only in cases of *accounts* existing between the parties; actions of *tort* are not referrible.

Where an action of *tort* is referred, and a report obtained, the plaintiff cannot enter a rule for judgment thereon *unless expressly authorized by the rule of reference*; nor will the court, *in an action of tort*, review the doings of the referees.

REPORT of referees. This was an action on the *case*, for Sept. 1837. injuries done to a scow of the plaintiff, by the steamboat of the defendants coming in collision with it. The cause was referred to a single *referee*, who made a report in favor of the plaintiff, upon which a rule for judgment was entered. A motion was made to set aside the report, and to vacate the rule for judgment as irregularly entered. An affidavit was read in opposition, showing various items of moneys paid in repairs, &c.

*M. T. Reynolds*, for the defendants, insisted 1. that the action was not referrible, and 2. that at all events, the rule for judgment was irregular, inasmuch as the court in a case of this kind, would not review the case as it appeared before the referee.

*A. J. Colvin*, insisted that the cause was referrible, that the statute authorized a reference, whenever it appeared that the trial would require the examination of a long account. A reference has been ordered in an action of *covenant*, 6 Wendell, 503, and the doings of referees have been reviewed in an action for breach of warranty in the sale of a horse, 5 Wendell, 535; and in *Johnson* v. *Parmelee*, 17 Johns. 129, the court intimate, although the action was *trover*, that had it appeared that there was any matter of account between the parties, they would have reviewed the doings of the referees.

ALBANY,
Sept. 1837.

Silmser
v.
Redfield.

*By the Court,* NELSON, Ch. J.  The statute authorizing the court to refer causes, applies only to cases, where accounts, in the common acceptation of that term, may exist and require examination.  2 R. S. 384, § 39.  Actions of *tort* are not embraced ; for though the examination of numerous items of damage may be involved, they do not constitute an *account* technically or properly speaking, between the parties.  This has always been the understanding of the court, as is apparent from the course of the decisions.  17 Johns. R. 129.  18 id. 26.  6 Wendell, 503.  9 id. 480.  13 id. 294.  Were we to give to the statute the construction contended for by the counsel for the plaintiff, and adjudge a complicated case of *tort*, involving the examination of the value of numerous articles of property or other items of damage as an account within it, we should establish an entire new ground, upon which to sustain motions to refer, which has not heretofore occurred to the profession, though the statute has been in operation some fifty years.  The 47th section of the act confirms the above view ; it contemplates a case where something may be *due* to one party or the other ; language inappropriate when applied to a case, sounding altogether in damages.  There may be a reference in an action of covenant ; it is founded upon contract ; and in certain cases may well involve the examination of long accounts.  Assuming that the case before us is not referrible within the statute, then the rule for judgment is unauthorized, and should be vacated, 13 Wendell, 293, and cases there cited.  But we cannot interfere with the report, and as that is asked to be set aside, the plaintiff was right in appearing to oppose this motion.  As he is in fault, however, as to the entry of the rule for judgment, he is not entitled to costs of opposing.  Neither party is entitled to costs.