## SETH H. TERRY vs. ROBERT R. HUNTER.

The Supreme Court will not, at general term, entertain a motion to vacate an order of reference made by a justice of this court at the circuit, the justice holding at the same a special term.

*Albany General Term, January,* 1848.—At the last Rensselaer circuit, held by Mr. Justice WATSON, an order was made, on motion of the Plaintiff's counsel, referring this cause, for hearing, to referees, on the ground that the trial required the examination of a long account. On that motion, affidavits were read on both sides. The Defendant now moves to vacate the order for reference so made by Justice WATSON, claiming that the affidavits did not show a proper case for reference.

M. T. REYNOLDS, *for Deft.*
D. GARDNER, *for Plff.*

By the Court, PARKER, Justice.—The authority to refer causes is conferred on all courts of record by the 40th sec. 2 R. S. 305.

By the 42d sec. 2 R. S. 305, a judge holding the circuit may, by rule, order a cause to be referred *with the like effect* as if made by the Supreme Court.

Notwithstanding the power to refer causes was thus concurrently given to the Supreme and Circuit Courts, the late Supreme Court entertained motions to vacate rules so made at the circuit. Such was the case in *Thomas* vs. *Reaby*, 6 Wendell, 503 ; *Levy* vs. *Brooklyn Fire Insurance Company,* 25 Wend. 687 ; and *Van Rensselaer* vs. *Jewett,* 6 Hill, 373, where the right to review was questioned. BRONSON, justice, held, citing these cases as authority, that the Supreme Court might review the decision of the judges at the circuit and revoke the order. He also added, " we could review the decision if it had been made by ourselves." It was no doubt correct for that court to hold that the Supreme Court might allow a rehearing of a decision made on motion, and perhaps their control over all orders made by inferior officers and tribunals, in causes pending in that court, would give them the right to vacate an order of reference made at the circuit, as the courts were then constituted.

But the relations between this court and the circuit are materially changed by the new organization of the judiciary. The Circuit Court is now held by a justice of this court, holding at the same time a special term for the hearing of motions. And the decisions made in all motions before him, while holding such special term, are as binding,

and of as high authority, and if made at a stated special term or even at a general term.

As the courts are now organized, a justice of the Supreme Court, when holding a circuit, holds also a court of record, and would have power to refer a cause under the fortieth section, independent of any authority conferred by the forty-second section.

There is nothing before us to show whether Mr. Justice WATSON acted as holding a Circuit Court, or a special term of the Supreme Court, when he made the order in question. He might have made it in either capacity, on the application of either party, or without such application.

If the order was made while holding a special term, most certainly this court cannot interfere. Neither a general nor special term can review, in appeal, a decision made in a suit at law at a previous special term.

This change in practice seems to be required, for the purpose of giving full effect to the powers of the courts, as now organized.

This motion must, therefore, be denied, but, the question being a new one, no costs are awarded.