## SUPREME COURT.

### [ No. 1. ]

DAVID S. MILLS agt. JOHN THURSBY.

Although a question of *partnership* or *no partnership*, alone, is is a proper one to be decided by a jury, yet where it is so connected with the accounts of the firm that a full statement of the accounts will require an examination, the cause should be *referred*.

*New-York Special Term, March,* 1850.

THIS action was commenced November, 1848, for an account as between partners, and for damages for unlawfully dissolving the co-partnership.

The defendant denied the existence of the co-partnership, and any liability to account. A motion was made upon the pleadings for a reference. The other facts appear in the opinion of the court.

N. B. BLUNT, BROWN & MATHEWS, *for plaintiff.*

GEORGE SULLIVAN, *for defendant.*

MITCHELL, Justice. The plaintiff alleges that he and the defendant were partners, and that the partnership was to continue five years, and was wrongfully dissolved by the defendant; and claims damages, and his share of the profits.

The defendant admits that plaintiff was held out by defendant as a partner, and allowed to act as such, so far as third persons were concerned; but says it was under an agreement that the plaintiff should not be a partner unless he put in a cer-

tain amount as capital within a limited time; that he did not put it in within that time, nor ever afterwards; and that therefore, as between themselves, they are not partners, however they may have appeared to the world.

The plaintiff says that the books will show that he put in this amount of capital: the defendant denies this.

To settle this last question, an examination of a long account will be necessary; and if the plaintiff, who kept the accounts, has made erroneous entries, to give the appearance of paying what he has not paid; or if this imputation be incorrectly made, referees can judge of these matters better than a jury. Ultimately, it is admitted, there must be a reference if the plaintiff succeed in establishing a partnership.

Although it might be proper to send to a jury a naked question of partnership or no partnership, if that inquiry were entirely isolated from the statement of the accounts, yet, even that question is here so connected with the accounts that a reference should be ordered.

Let referees be appointed.