## SUPREME COURT.

ZALMON J. McMASTER et al. agt. ALFRED R. BOOTH, Agent of the Sing Sing State Prison.

An action based upon *carelessness* or *negligence* cannot be *referred* under the code, although it may become necessary in the course of the trial to examine into a large number of items constituting the plaintiff's claim for damages.

The code may have abolished the *forms* of actions, but the *principles* which govern them are retained. Actions of *tort* under the former system were never referrible; not because of the *form*, but of the *substance* of the action.

*Dutchess Special Term, August,* 1850.—*Motion for reference.* The complaint sets forth that the plaintiffs occupied one of the shops belonging to the Sing Sing Prison, carrying on the business of plane-making; that the agent of said prison caused to be put, into a wooden building adjoining, a steam engine and furnace, and machinery connected therewith; that a negro convict was employed to take charge of said engine-room and of the making the fires; and that by reason of the careless and negligent manner in which the fire in said furnace was kept, the building took fire on the 19th July, 1843, whereby the property in the shop occupied by plaintiffs was consumed or greatly injured. The property destroyed comprised several thousand planes and a great number of tools, &c. The plaintiffs, upon an affidavit that the trial of the cause will involve a long account, now move for a reference.

T. NELSON and S. F. REYNOLDS, *for plaintiffs.*

Mr. LOCKWOOD and Mr. LARKIN, *for defendant.*

BARCULO, Justice.—It is quite clear that, if the plaintiffs succeed in establishing the facts which constitute the defendant's liability on the ground of negligence, it will be necessary to inquire into a great number of items of damages, which may render the trial protracted and difficult to be disposed of by a jury. The reasons for a reference, therefore, on the score of convenience and economy of time, are of the most cogent character, and I should certainly grant this motion if it could be legally done.

But the question is, whether this is a *referrible* case ?

Under the old order of things, when *actions* had *names*, this would have been denominated an action of *tort;* and the law was well settled, by repeated adjudications, that such actions could not be referred. (19 Wend. 21; 3 Denio, 380; 19 Wend. 108.)

But it is insisted that the code, which, by disturbing well settled rules, is put forward as the basis of all sorts of experimental motions, and has proved a most prolific source of litigation, has changed the law in this respect. But I am inclined to think this proposition untenable. Section 271 provides for a reference without the consent of parties, "when the trial of an issue shall require the examination of a long account." The account in this case is *long* enough, but is it such an *account* as is contemplated by the law? In the case of *Silmser* v. *Redfield*, (19 Wend. 21,) Justice NELSON says that " the statute only applies to cases where accounts, in *the common acceptation of that term*, may exist and require examination."

In *Dedrick* v. *Richley*, (19 Wend. 108,) Justice BRONSON observes, " It has always been regarded as a proceeding applicable only to actions of assumpsit, or debt on simple contract, where the accounts and dealings of the parties are directly in issue." Now, although the *forms* of actions are abolished, the principles which govern them are retained. The objection which formerly lay against referring actions of tort was not founded on the *form* of the action, but on its substance. In cases of reference, it was supposed that the referees had little or nothing to do but examine the accounts and determine the balance due: but in actions of tort, the substance of the action was independent of, and in some degree preliminary to, the examination of any items of damage which might be put into the shape of an account. In the case before us, the action is based upon the *negligence* or *carelessness* of the defendant, which is a question emphatically for a jury.

Again, to pursue the rule of Judge NELSON, this is not an account within " the common acceptation of that term." As I understand the meaning of that term, I should define an account to be a *computation or statement of debts and credits arising out of personal property bought or sold, services rendered, material furnished, and the use of property hired and returned.* If an account does not fall within this definition, it is not an account within the ordinary legal acceptation of the term, and cannot be referred without the consent of the parties.

It is obvious that the commissioners did not intend to alter the prevailing rule on this subject by enlarging the meaning of the words " long accounts." For it will be seen upon page 177 of their first report that they had in view the constitutional provision which preserves " trial by jury in all cases in which it has been heretofore used," inviolate forever. And on page 185 they say, " a trial by jury is secured by the constitution to the parties, if they require it, where there are issues of fact in the courts

of law, excepting only those where the trial involves the examination of a long account." They here refer to the constitution and the law as it existed prior to the code. If, therefore, actions of this nature were not referrible under the former law, and the constitution has rendered inviolate the right of trial by jury in all cases in which it has been heretofore used; it follows that the code has not, and could not, deprive either of the parties, in the case before us, of the right to have the issue in question tried by a jury. The motion must be denied, but without costs.