## SUPREME COURT.

AMASA M. BARBER and others agt. ANDREW E. CROMWELL and others.

On moving a cause for *reference*, the old practice should be adhered to. That is, all the moving affidavit need to show is, that the cause is referable under the statute.

If the opposite party thinks that the investigation will require the decision of difficult questions of law, and therefore comes within the exception of section 271 of the Code, he must show it in opposition to the motion. The *presumption* in such cases is, that no intricate legal questions will arise.

*Jefferson Special Term, January,* 1855.

MOTION for reference by plaintiffs.

The moving affidavit is in the usual form under the old practice, but omits to state whether the investigation on the trial will require the decision of *difficult questions of law ;* for this reason the defendants' counsel objects, preliminarily, to the sufficiency of the affidavit. (*Citing* § 271 *of the Code, and* 1 *Whittaker's N. Y. Prac.* 564.)

CLARKE & CALVIN, *for the motion.*
JOHNSON & BOARDMAN, *opposed.*

HUBBARD, Justice. The objection I think untenable. In this respect, the Code has not changed the former practice. The clause in § 271 of the Code, " except when the investigation will require the decision of difficult questions of law," is

but an enactment, in statutory form, of the well settled rule adopted by the courts under the Revised Statutes. (*Graham's Prac. 2d ed. 572.*)

The section does not assume to prescribe upon whom rests the duty or burden of showing that the particular case is, or is not, within the exception; whether upon the party moving, or the party opposing. It does not, in terms or by implication, require that the moving party shall show by affidavit that the case is not within that exception, as a condition of the power of granting the motion by the court. In most cases, all that a plaintiff moving could show would be, generally, that difficult questions of law will not arise for decision.

This general statement would be of no practical importance to the court, in determining whether the cause should be referred, or retained in court for trial. The particular points of law should be stated, so that the court can determine judicially. (4 *Cow.* 52; 5 *id.* 423.) This particular statement the plaintiff could not ordinarily make, because he cannot be presumed to know certainly what legal questions may be disputed or raised by the defendant.

In a large majority of referable causes, it is not contended by either party that referees are not an appropriate tribunal. In such actions generally, the trial involves merely a statement of an account between the parties,—a finding of facts upon undisputed questions of law. There is, therefore, no presumption that intricate legal questions will arise in that class of actions. The presumption is the contrary, and it should have its legitimate force and effect until answered by the opposing party.

It seems to me, that the old practice in this respect should be adhered to; that all the moving affidavit need to show is, that the cause is referable under the statute, and leave it for the party opposing the motion to show that the case is within the exception of § 271 of the Code, above referred to. I cannot, therefore, agree with Mr. Whittaker in his valuable treatise on the practice under the Code, (1 *Vol.*, *pp.* 563–4,) which has been cited to me on several motions like this.

Motion granted.