## SUPREME COURT.

### DEWEY agt. FIELD, sheriff, &c.

An action against a sheriff requiring him to account to the plaintiff for property attached of a defendant in an execution issued upon a judgment in favor of the plaintiff after such attachment, where the execution has been returned by the sheriff unsatisfied, is an action sounding in *tort*, and is not *referable*, without the the consent of parties.

The trial cannot require the examination of an *account* in the ordinary acceptation of the term.

Where a motion for a reference is opposed, on the ground that difficult questions of law will arise, the opposing affidavit must state what those questions are.

*Montgomery Special Term, Nov.,* 1856

MOTION by plaintiff to refer.

This action was against the late sheriff of Otsego county. The complaint alleged that the plaintiff commenced an action against one B. Barrett on the 20th March, 1852, and in such action caused an attachment to be issued to the defendant in this action as such sheriff, against the real and personal prop-

erty of Barrett; that the defendant attached property of Bar-
rett more than sufficient to pay the demand of the plaintiff
against Barrett; that the plaintiff recovered a judgment in such
action against Barrett on the 12th June, 1852, for $456.41, and
on the same day issued to the defendant an execution on such
judgment; that the defendant on that day had in his hands at-
tached property more than sufficient to satisfy such judgment
and execution; that the defendant, as such sheriff, in Novem-
ber, 1852, returned such execution unsatisfied; that the plain-
tiff has requested the defendant to pay to him the amount of
his judgment from the avails of the attached property, but that
the defendant has refused and neglected so to do; that the
plaintiff has frequently requested the defendant to account with
him for the avails of the attached property, and to pay the
plaintiff such amount as that he found on such accounting to be
in his hands applicable to the payment of such judgment. The
plaintiff prays for judgment, requiring the defendant to account
for the property attached, and to pay over to the plaintiff the
moneys in his hands, applicable to the payment of such judg-
ment, &c.

The defendant opposes the reference, and in his opposing
affidavit swears that the trial of this action will require the de-
cision of difficult questions of law, &c.

> DE WITT C. BATES, *for plaintiff.*
> JAMES E. DEWEY, *for defendant.*

PAIGE, Justice.    The gravamen of the complaint is, the de-
fendant's false return to the execution issued on the plaintiff's
judgment, and his breach of duty in not satisfying the execu-
tion out of the property in his hands attached under the attach-
ment issued in the action against Barrett. (*Code,* § 2, 231, 237.)

The action is clearly in *tort,* and not upon contract; and is
therefore not a referable action.    The trial cannot require the
examination of an account in the ordinary acceptance of the
term.    No computation of debts and credits between the par-
ties will be necessary.    The examination of numerous items of

damage does not constitute an account between the parties within the meaning of that term. The determination of the measure of damages in this case will undoubtedly require an examination in respect to the value of the property attached by the defendant; but this will not be an account in the common acceptation of that term.

The provision as to references in the first edition of the Revised Statutes did not, in terms, restrict references to actions upon contract; (2 *R. S.* 384, § 39;) but under this provision references were invariably confined to that class of actions. (19 *Wend.* 110, 22; 6 *Hill,* 373; 3 *Denio,* 350; 6 *Wend.* 503.) The decisions in these cases are applicable to the provisions in the Code, in respect to references without the consent of the parties. (6 *How. Pr. R.* 427.)

The motion in this action for a reference must, therefore, be denied, upon the ground that the action is not referable under the Code without the written consent of both parties. (§§ 270, 271.)

When a motion to refer is opposed upon the ground that difficult questions of law will arise, the opposing affidavit must set forth what such questions are, to enable the court to judge whether they are questions of real difficulty. (6 *John.* 329; 5 *Cow.* 423; 4 *id.* 52.)