NEW-YORK PRACTICE REPORTS. **213**

Sharp agt. The Mayor, &c., of New-York.

to the court whose duty it thus becomes to decide all questions regarding the distribution of the moneys of the estate.

The effect of the judgment of the supreme court is, to reverse the whole of the surrogate's decree appealed from by Mr. Lyman, and to require the executors to account for the assets realized in New-York, after the issuing of letters testamentary here. The views expressed in this opinion will be accomplished by a general judgment of affirmance of the supreme court. What has been said respecting the principles upon which the account is to be taken, and the disposition of the net balance of the New-York assets, will no doubt be conformed to in the further proceedings before the surrogate. The costs of both parties in this appeal are to be paid out of the trust fund.

---

## SUPREME COURT.

### JACOB SHARP agt. THE MAYOR, &C., OF THE CITY OF NEW-YORK.

The constitutional provision of the right of "trial by jury, in all cases in which it has been heretofore used, shall be inviolate forever," cannot be too faithfully preserved; and any legislative provision tampering with it should at least be very strictly construed.

*Compulsory references* should be rigorously confined to cases invoking the examination of a *bona fide* account in an action of *contract*, and should also be literally and truly a *long account*.

Where the action was for damages for representations by the defendants' agents in relation to the extent of a certain right, which afterwards proved to be false, and the affidavit on the motion for a reference stated that the trial of the action would occupy a *long time*, and that a number of separate and distinct *facts* would have to be proved by a large number of witnesses,

*Held*, that the court granting the reference in the action, under these circumstances, without the written consent of the parties, manifestly exceeded its powers, and committed a grave error.

Where, under the act of 1859 (*Laws of* 1859, *p.* 1127, authorizing the comptroller of New-York city to apply for the opening of judgments in certain cases), the

comptroller swears that the action is unfounded and fraudulent, and this be-lief, whether subsequently substantiated by direct proof or not, is a sufficient justification to him for instituting the proceeding. (*On this point see* **S. C.**, *ante, p.* **97.**)

*New-York Special Term, December*, 1859.

THIS was the renewal of a motion on the part of the comp-troller to open a judgment recovered by plaintiff against the city, upon the report of a referee for $40,953.56. The motion was at first denied by Justice INGRAHAM, with leave to renew.

WM. CURTIS NOYES, *for comptroller.*
D. DUDLEY FIELD, *for Jacob Sharp.*
RICHARD BUSTEED & WM. FULLERTON, *for the corporation.*

CLERKE, Justice. By the 5th section of an act entitled, " An act to enable the supervisors of the city and county of New-York to raise money by tax " (*Laws of* 1859, *p.* 1127), the comptroller of the city, when he has reason to believe that any judgments of record against the mayor, &c., or which may thereafter be recovered against them, have been obtained by collusion, or founded in fraud, not only is authorized, but re-quired, to take all proper and necessary means to open and reverse the same, and to use the name of the mayor, aldermen and commonalty, and to employ counsel for that purpose.

The first question which arose in my mind when this mo-tion was commenced before me was, whether a judgment could be opened on an application made by the comptroller, pursu-ant to this statute, when no collusion or fraud has been directly and affirmatively shown, but, nevertheless, palpable error in the proceedings and palpable inadvertence and misconception of duty on the part of the defendants' counsel.

The comptroller swears that the action is unfounded and fraudulent, and this belief, whether afterwards substantiated by direct proof or not, is a sufficient justification to him for *in-stituting* the proceeding. For this he is responsible to no one : If he, sincerely entertaining the *belief*, brings the case before the court, and on the motion circumstances are disclosed, not

amounting to collusion or fraud, except such fraud as may be inferred from the manner in which the reference was obtained —not amounting even to intentional breach of duty in any respect on the part of defendants' counsel, but to gross error and mistake, by which a judgment for a large amount has been rendered against the defendants, and the time for remedying the error by appeal has been allowed to elapse, is it not the duty of the court, now that the case has been properly and legally brought before it, to give the defendants an opportunity of being again heard and effectively defended? Undoubtedly, judgments, as I said on a former occasion, not dissimilar to this, should not hastily, or for slight causes, be set aside; but, where the mistake is manifest, and where, through the inadvertence of counsel, or any other cause, which the defendant himself does not directly sanction, the administration of justice can never be hindered or embarrassed by opening the judgment, and giving the defendant an opportunity of being heard before the suitable tribunal. There are many reasons which satisfy me, that the judgment in this action should be opened; at this time and place, it is not necessary that I should enumerate, or even indicate, all of them. It is sufficient to mention one.

This is an action for representations by the defendants' agents, in relation to the extent of a right, which afterwards proved to be false, to the great alleged damage of the plaintiff.

A motion was made by the plaintiff's counsel for a reference, upon an affidavit stating that the trial of the action would occupy a *long time*, and that a number of separate and distinct *facts* would have to be proved by a large number of witnesses. The notice contained the name of the person whom the plaintiff wished to be appointed referee, requiring that the whole of the issues in the cause should be heard and determined by him. This motion, it appeared from the order, was opposed by the counsel of the corporation; whether he actually attended to contest it, so that the judge was made aware of an earnest and real opposition, I am not informed; but it is quite certain that

he did not consent in writing, so that the order, to all intents and purposes, was a compulsory reference. Now, although, by section 270 of the Code, all or any issues in an action, whether of fact or law, or both, may be referred upon the written consent of the parties, section 271 provides that no reference can be *compulsorily* ordered, that is without the consent of both parties, except the trial shall require the examination of a *long account;* in which case the referee may be directed to hear and decide the whole issue, and except where the taking of an account shall be necessary for the information of the court before judgment, or for carrying the judgment into effect. The order of reference in this action could have been granted only under the first subdivision of the latter section (271) ; that is, on the ground that the trial required the examination of a long account.

But no such pretence is set forth in the affidavit on which the application is founded ; it only states that a number of separate and distinct facts will have to be proved by a large number of different witnesses. Nor does it appear, from the pleadings, that the examination of a long account, in the legitimate sense of an *account*, could be involved. The plaintiff, indeed, states by way of aggravation of damages, that he was obliged to expend large sums of money, and to contract to pay large sums of money ; but this could not constitute an account against the defendants—so as to bring it within the policy of the law, which compels, in actions growing out of certain dealings based upon an express or implied contract between the parties to an action, or their representatives, a departure from the ordinary method of trial in common law actions. No account of this description can be necessary in an action of tort or sounding in tort ; indeed, if this were permitted, that provision of the constitution, declaring " the trial by jury, in all cases in which it has been heretofore used, shall be inviolate for ever," could be always evaded. This is a constitutional right which cannot be too faithfully preserved ; and any legislative provision tampering with it should, at the least, be very strictly construed. Compulsory references should be rigorous-

ly confined to cases involving the examination of a *bona fide* account in an action of contract, and should also be literally and truly a long account.

I, therefore, think that the court, which granted the order of reference, most manifestly exceeded its power, and, as I believe, from some misapprehension, committed a grave error. It would not, perhaps, be proper for me, sitting at special term, to review the action of another judge also at the special term ; even in cases of this description, where the order is voidable. But here is a statute calling upon the courts to interpose, as if in an emergency, and requiring a certain officer different from the head of the law department of the corporation, to make the application in questions of vital importance, in which the interests of nearly a million of persons are concerned ; we find undoubted and flagrant error, forcing the trial of a difficult and complicated cause before a tribunal, in contravention of the constitution, and no effort made to rectify the wrong by appeal. Shall I, under such circumstances, hesitate to afford to the defendants such a trial as they are constitutionally entitled to ? I am confident, if the judge who granted the order of reference, heard the motion which I am now about to decide, and recalled the circumstances under which it was granted, that he would be the first to revoke his own order, and set aside the judgment founded upon it.

As I have already intimated, it is unnecessary to consider the other objections to the manner in which this judgment was obtained. The order of reference alone would be fatal to it.

The judgment must be set aside, and the order of reference revoked.