Robertson, J.
This is a motion for a reference in an action on a policy of insurance on stock and machinery in a factory. It is founded upon an affidavit showing that there are over two hundred articles whose loss is set out in the plaintiff’s claim, whose value is contested by the defendants; that he was insured in seven different companies ; that the trial will require the attendance of many witnesses; and will take a long time and cannot be had with fairness before a Jury. Part of the defense is fraud on the part of the insured.
The right of referring a cause against the consent of both parties, depends entirely upon the statute, which *701 was made solely for the convenience of the Court. The words of the Code (§ 271) are, “that the Court may,'” not that it shall, and for this reason an order for a reference is not appealable. (Gray v. Fox, 1 Code R., N. S., 334 ; Bryan v. Brennon, 7 How., 359 ; Dean v. Empire Mutual Insurance Company, 9 Id., 69 ; Ubsdell v. Root, 3 Abb., 142 ; Smith v. Dodd, 3 E. D. Smith, 348 ; Cram v. Bradford, 4 Id., 193.) It is to be allowed only in case of a long account; what is meant by those terms has never been clearly determined. Under the Revised Statutes, whose language is similar, (2 R. S., 384, § 39,) it was held, that they meant what is ordinarily understood by an account, and did not imply mere items of damage, (Van Rensselaer v. Jewett, 6 Hill, 373,) and this meaning has been followed in reference to the Code, in a case of false representations. (McCullough v. Bradie, 6 Duer, 659, S. C., 13 How., 346.) It was always regarded as only applicable to actions to recover the amount due on an account for goods sold, and the like, although an action of covenant embracing such an account, was also admitted to be referred, but not where it involved special items of damage. (Thomas v. Reab), 6 Wend., 503 ; Bloore v. Potter, 9 Wend., 480 ; Dederick v. Richley, 19 Wend., 108 ; Silmser v. Redfield, 19 Wend., 21.) An action for a tort could not be referred; (Dederick v. Richley, Silmser v. Redfield, ubi sup.,) or an action for carelessness or negligence, (McMaster v. Booth, 3 Code R., 111, 4 How., 427,) or to set aside a conveyance for fraud, (Draper v. Day, 11 How., 439,) or against a Sheriff for not satisfying an execution. (Dewey v. Field, 13 How., 438.) It was, however, held, in a case in this Court, that actions on policies of insurance could be referred, (Samble v. Mechanics' Fire Insurance Company, 1 Hall, 560 ;) if this be settled and undoubted law, it is somewhat singular that more applications upon the part of the defendants, have not been made to refer such actions. The experience of the Bar is, I think, that causes are tried within a much shorter period, and in far less time before a Jury than before a Referee; and in many cases where a plaintiff has *702 lost Ms all by a fixe, the delay would amount to a denial of justice.
The law does, however, show a preference for a Jury trial, where, as in this case, there is a charge of fraud, and refuses a reference in such a ease, (Levy v. Brooklyn Fire Insurance Company, 25 Wend., 687,) and as the plaintiff resists the reference, it.must be denied, with ten dollars costs, to be costs in the cause.