# SUPREME COURT.

## Ruth Holmes agt. Israel Bennett.

When the trial of a cause is moved at the circuit, if the judge is satisfied from an inspection of the *pleadings* that the trial of the issues of fact will require the examination of a long account, or if after a trial of a cause before a jury has been commenced at the circuit, it appears by the *evidence* that the trial will require the examination of such an account, the judge, of his own motion may direct a *reference* of the issues to a referee to hear and determine.

And the court can direct a *reference* of any referable action on the motion of either party, whenever it is satisfied by *legal evidence*.

Where the verified *pleadings* used on a *motion* for a reference show that the trial of the issues of fact in the action will probably involve the examination of a long account, the motion will be granted, notwithstanding the (otherwise valid) objection that the *moving affidavit* is made by the *attorney* and not by the party, without any excuse being shown why it was not made by the party.

*Broome General Term.*

*Argued November Term,* 1864. *Decided January Term,* 1865.

*Present,* PARKER, MASON *and* BALCOM, *Justices.*

APPEAL by defendant from an order referring the case to William N. Mason, Esq., to hear and report,—$10 costs to abide the event of the suit, granted at the Chenango special term in August, 1864. The order was granted upon notice to the defendant's attorney, and the motion was founded upon the pleadings in the action and an affidavit of the plaintiff's attorney, which only showed the joining of issues of fact in the action, and the place of trial thereof. The motion was opposed by defendant. The claims stated in the complaint were for the rent of a farm, and the amount alleged to be due from the defendant upon two promissory notes.

The defences set up in the answer, were, 1st. A denial of the allegations in the complaint, except that the defendant made the two promissory notes therein mentioned, and he denied that he was owing the plaintiff anything on the notes. 2d. An agreement for the purchase of the farm by

defendant, and the taking of a deed thereof by the plaintiff, and the working and improving of it by defendant, and matters connected therewith, as a defence to said notes. 3d. A set-off for money paid, laid out and expended, lent and advanced, for work and labor of defendant and his servants, &c., use of team, for timber, lumber, goods, wares and merchandise sold and delivered to the plaintiff, and for board, washing and lodging, &c., amounting in the whole to $288.50. Lastly, a demand of judgment against the plaintiff for $588.50, and interest.

The plaintiff served a reply in which she denied the allegations in the answer. The pleadings were verified by the parties.

Isaac S. Newton, *for plaintiff.*
Horace Packer, *for defendant.*

By the court, Balcom, J. Where the parties do not consent, the court may, upon the application of either, or of its own motion, except where the investigation will require the decision of difficult questions of law, direct a reference, where the trial of an issue of facts shall require the examination of a long account on either side (*Code,* § 271). The defendant's counsel insists that the order of reference was erroneously granted, because the attorney of the plaintiff made the affidavit showing the joining of the issues of fact in the action and the place of the trial thereof, when no excuse was given for the omission of the plaintiff to make it. This position is untenable. If the motion had been founded exclusively upon the affidavit, it could not have been granted, for the reason that the affidavit was insufficient and was not made by the plaintiff, and no excuse was given in it for her omission to make it. (*See* 4 *Hill,* 548; 2 *How. Pr. Rep.* 7 *and* 157; *Tiffany & Smith's Pr. vol.* 1, *p.* 464.) But the affidavit was not relied upon to establish that the trial of the issues in the action

would require the examination of a long account. No such fact was alleged in it. And the attorney knew as well if not better than the plaintiff when the issues were joined in the action, and the place of the trial thereof designated in the complaint. It was, therefore, proper for the attorney to make the affidavit showing those facts.

The plaintiff's counsel relied upon the pleadings to establish that the trial of the issues of fact would require the examination of a long account. They were duly verified, and I am of the opinion they show *prima facie* that the trial will require the examination of a long account. The presumption from the answer is that the defendant has such an account against the plaintiff. I think the defendant is estopped upon the question of the reference, to deny that he has such an account against the plaintiff as he has set up in his answer, or that it must be examined upon the trial. And I am of the opinion the judge at the special term had the right to infer and determine that such account was long.

When the trial of a cause is moved at the circuit, if the judge is satisfied from an inspection of the pleadings that the trial of the issues of fact will require the examination of a long account, or if after a trial of a cause before a jury has been commenced at the circuit, it appears by the evidence that the trial will require the examination of such an account, the judge, of his own motion, may direct a reference of the issues to a referee to hear and determine. The court can direct a reference of any referable action on the motion of either party, whenever it is satisfied by legal evidence that the trial of the issues of fact in the action will require the examination of a long account—and the pleadings are legal evidence upon that question—and when they show that fact the court may direct a reference of the issues to a referee to hear and determine.

My conclusion is that the judge at the special term had the right, as against the defendant, to determine from the

answer that the trial of the issues of fact in the action would require the examination of a long account, and as the action was referable, the order of reference appealed from by the defendant should be affirmed, with $10 costs to the plaintiff.

MASON and PARKER, *JJ.*, concurred.

Decision accordingly.