164      NEW YORK PRACTICE REPORTS.

Ross agt. The Mayor, &c., of New York.

## NEW YORK SUPERIOR COURT

ANGUS ROSS agt. THE MAYOR, &C., OF NEW YORK.

The court has no power to order a *compulsory reference* of an action brought to recover *damages not arising out of contract*, even though the *items* of damage which are to be examined be *ever so numerous*.

An action brought against the corporation of the city of New York, under the act of 1855, which renders the corporation liable for damages, for destruction of or injury to property, *by a mob*, cannot be *compulsorily referred*, although in ascertaining the plaintiff's damages, a long and probably tedious examination of the extent of the injury and value of the property must be had.

*Special Term, November,* 1866.
'MOTION for a reference.

G. W. PARSONS, *for the motion.*
RICHARD O'GORMAN, *counsel to the corporation, opposed.*

MONELL, J.   This is an action to recover damages for the destruction of property by rioters, in July, 1863.   The trial of the action will require the examination of a large number of items of property injured or destroyed, the value of which constitute the damages the plaintiff seeks to recover ; and it is claimed that such large number of items constitutes an *account*, and renders the action, therefore, a referable one.

The language of the Code and of the Revised Statutes, in respect to the referability of actions, is the same ; and a compulsory reference can be ordered only where the trial will require the examination of a long account; and according to all the cases, " account " must be taken in the ordinary acceptation of the word.

Under the Revised Statutes it was uniformly decided that actions for *torts* were not referable.   (*Silmser* agt. *Redfield,* 19 *Wend.* 21 ; *Dederick's Admin.* agt. *Richley, Id.* 108.)   And even in *covenant* a reference was not allowed where mere items of damage were to be examined (*Thomas* agt. *Reab,* 6 *Wend.* 503).

Under the Code the decisions are as uniform, and I have

not been able to find any case holding that actions for *torts* can be compulsorily ordered to a reference.

I was referred on the argument to several cases which it was supposed favored the reference of actions like the one in question. But I do not find, upon examining those cases, that they in any degree sustain the plaintiff's motion. In *Keeler* agt. *Poughkeepsie, &c. Plank Road Co.* (10 *How. Pr. R.* 11), the action was upon a *contract* for constructing a plank road, and there being a long account, the action was clearly referable. *Mills* agt. *Thursby* (11 *How. Pr. R.* 113), and *Jackson* agt. *DeForrest* (14 *Id.* 81), were cases of partnership accounting, and expressly within the letter of the statute. *Atocha* agt. *Garcia* (15 *Abb. Pr. R.* 303), was also on contract.

I was also referred to some cases on insurance policies, which were held to be referable. Without stopping to distinguish between such actions, and such as seek to recover *damages* for injury to or destruction of property, it is enough that the power to refer insurance cases is much doubted (*McLean* agt. *East River Ins. Co.* 8 *Bosw.* 700), and has been allowed only when no issue besides the ascertainment of the value of the property injured or destroyed, remained to be tried (*Samble* agt. *Mechanics' Ins. Co.* 1 *Hall,* 56). Whereas, it has frequently been decided since the Code, that actions for wrongs, or not arising on contract, cannot be compulsorily referred. In *Sharp* agt. *The Mayor, &c., of N. Y.* (9 *Abb.* 426), the action was by a lessee of a ferry to recover damages for alleged failure of defendants' title. Judge CLERKE says : " Compulsory references should be rigorously confined to cases invoking the examination of a *bona fide* account in an action of contract." *McMaster* agt. *Booth* was to recover damages for injury to property, caused by the defendant's negligence. The property consisted of a large number of planes, and a great number of tools. A reference was refused. *Dewey* agt. *Field* (13 *How. Pr. R.* 437), was against a sheriff for a false return to an execution. It is there said, " the examination of numerous items of damage, does not constitute an account between the

parties, within the meaning of that term." And *McCullough* agt. *Brodie* (*Id.* 346), was an action for damages for false representations, and it was said, "when the items to be investigated are made the subject of examination, in order to recover *damages* strictly and properly so called, either party has a right to have the issues tried by a jury."

It will be seen, therefore, that the current of decision is in opposition to the power of the court to make compulsory reference of actions brought to recover damages not arising out of contract, even although the items of damage which are to be examined be ever so numerous.

This *action is* brought under the act of 1855, which renders the corporation liable for damages, for destruction of or injury to property, by a mob. And, although, in ascertaining the plaintiff's damages, a long and probably tedious examination of the extent of the injury and value of the property must be had, yet the case does not fall among such as the court has the power, without the consent of parties, to order to a reference. I regret that it is so. Not only might much time of courts and juries, now occupied in the mere assessment of the value of property in this class of cases, be more advantageously employed, but results more accurate and satisfactory could be obtained, by the time and care which referees would bestow in investigating such claims. But the legislature has confined the power to a class only, and we cannot enlarge the statute to cover or include other cases.

The motion must be denied.