Barnard, P. J.
This action is brought to recover damages for a breach of a covenant. It is inferable from the complaint and bill of particulars that the defendant conveyed a piece of. land to the plaintiff and took back a mortgage for $4,500. A covenant was given by the defendant to the plaintiff that the plaintiff would furnish carpenter work sufficient to pay the interest and would give *621 defendant all the carpenter work at cash prices. The answer is a general denial. The case is not one for compulsory reference as a matter of right. There may be many items of damages, but there is no account between the parties. An examination of numerous items of damages does not constitute a long account properly so called. Camp v. Ingersoll, 86 N. Y., 433; Selmser v. Redfield, 19 Wend., 21.
The subject has really been again considered in the court of appeals in Untermeyer v. Bemhauer, 8 N. Y. St. Rep., 1. That action was for a breach of contract, with sundry items of damages. It was held that the action was not referable except by consent, and that the parties had a constitutional right of trial by a jury.
If the case was referable it is not one which ought to be referred. It is manifest that the bill of particulars cannot all be the subject of inquiry. If there be a default proven it will be easily within the power of a jury to comprehend the items of damages.
The order should be reversed, with ten dollars costs and disbursements.
Pratt and Dykman, JJ., concur.