CASSIDY *et al. v.* McFarland *et al.*

*(Common Pleas of New York City and County, General Term.* December 5, 1892.)

1. REFERENCE—MECHANIC'S LIEN—FORECLOSURE—EXAMINATION OF ACCOUNTS.

Where, in an action against the owner, contractor, and subcontractors to foreclose a mechanic's lien, the whole of plaintiffs' claim is denied in the answer, and it appears that to maintain their action they will be required to prove performance of three contracts for labor and the furnishing of materials, and that this will involve proof of items of several accounts amounting to over $4,000, a reference of the case on the court's own motion is proper.

2. SAME—ALLEGATION OF CONTRACT.

Where it is alleged in the complaint in such case "that the amount and value of the materials so furnished is the sum of * * *, which amount said * * * agreed to pay the plaintiffs therefor," the action is not on a special agreement, so as to render a reference improper, since the allegation implies a promise subsequent to performance, and proof of the account is necessary to show consideration.

3. APPEAL—DISMISSAL.

Where it appears that the papers on appeal are printed in time for the argument, the appeal will not be dismissed on the ground of waiver.

Appeal from special term.

Action by Patrick Cassidy and I. Richard Adler against Joseph McFarland and others to foreclose a mechanic's lien. From an order by the court on its own motion, sending the case to a sole referee for trial, defendants McFarland, owner, and Frederick Wood, contractor, appeal. Affirmed.

Argued before DALY, C. J., and BOOKSTAVER and PRYOR, JJ.

*Geo. A. Stearns,* for appellant Wood. *Oscar Frisbie,* for appellant McFarland. *Thos. C. Ennever,* for respondents.

DALY, C. J. The order appealed from recites substantially that, the cause coming on for trial regularly in due course, upon reading the complaint and answers of the defendants Wood, Snape, McFarland, Orlofski, and Comet, and the reply of the plaintiffs, and it appearing therefrom to the satisfaction of the court that the trial of the action will involve the examination of a long account, and that no difficult questions of law will arise on the trial, the court, upon its own motion, refers the action to a sole referee, to hear, try, and determine the issues raised by the pleadings. The Code expressly authorized the court, upon its own motion, in a proper case, to refer the whole issue or any of the issues. Code, § 1013. If the pleadings show that the examination of a long account is involved, no other proof is necessary. *Holmes* v. *Bennett,* 28 How. Pr. 289. No proof is necessary that the trial will not require the examination of difficult questions of law. That will be presumed, and it is for the party opposing the reference to make it appear otherwise. *Barber* v. *Cromwell,* 10 How. Pr. 351; *Dewey* v. *Field,* 13 How. Pr. 437; *Patterson* v. *Stettauer,* 39 N. Y. Super. Ct. 413. The pleadings show that the trial will involve the examination of a long account. The complaint disclosed that the action is to foreclose a mechanic's lien for certain plumbing and gas fitting materials sold and delivered by the plaintiffs to Gorman & Sylvander, to be used in the course of the erection of three buildings in the city of New York; and it is alleged that the amount and value of the materials is $4,382.30, no part of which has been paid, except $375, and that there is now due $4,007.30, with interest, and that the last item of said materials was furnished and delivered within 90 days prior to the filing of the lien. All these allegations are denied by the answers of the appellants, and it was manifest that the plaintiffs would have to prove the sale and delivery of all the items of materials for which they claim. A reference may be ordered where several items of goods sold and delivered must be proved. This involves the examination of an account, (*Welsh* v. *Darragh,* 52 N. Y. 590,) and so where the items of work done and materials furnished by a contractor will be the subject of inquiry. (*Kingsley* v. *City of Brooklyn,* 1 Abb. N. C. 108.) The items of the

plaintiffs' claim were manifestly numerous, as they amounted to $4,382.30, and were used in the course of the erection of three buildings, and were delivered at different times, as is to be inferred from the complaint. The proof of work done and materials furnished in mechanic's lien cases under allegations such as are contained in the pleadings before us always involves the examination of a long account, as experience has fully proved.

It is urged, however, that the complaint sets up a cause of action upon a special agreement. It alleges "that the amount and value of materials so furnished is the sum of $4,382.30, which amount said Gorman & Sylvander agreed to pay the plaintiffs therefor." There may be two causes of action thus alleged; one for the value of the materials, and the other upon a special agreement to pay the value. If so, the defendants might have called upon the plaintiffs to elect upon which of the causes of action they would proceed, (*Gardner* v. *Locke*, 2 Civil Proc. R. 252,) and, failing to do so, the plaintiffs would have the right to do so, and recover upon the *quantum meruit*. If, however, there be but one cause of action alleged, then that is upon the *quantum meruit*. There is no allegation of a contract for an agreed price before the delivery of the goods or performance of the work, as in *Evans* v. *Kalbfleisch*, 16 Abb. Pr. (N. S.) 13, where it was held that a single cause of action only was stated, although, after a special agreement was set out, there was an allegation of value; the court holding that the alleged *quantum meruit* was but a continuation of the preceding averment pertaining to the special contract, and not, in any proper sense, the allegation of a separate or different cause of action. In the complaint before us there is no averment of a special contract, *i. e.*, an agreement by which the price to be paid for the work, labor, or materials was fixed or agreed upon in advance of performance or delivery. After the averment of the amount and value of the goods, there is the addition of an allegation that the defendants agreed to pay the amount, but this clearly implies a promise subsequent to performance, and this is no more than the agreement which the law implies. To recover upon such a promise it would be necessary to show consideration in the delivery of the goods, or part of them, upon the request of the defendant. This would require proof of the account to some extent, and in such a case the "examination brings the case within the reasons for referring actions." *Welsh* v. *Darragh*, above cited. None of the authorities cited by appellants conflicts with these views. But not only would plaintiffs be required, under the pleadings, to prove the items of their own account for materials furnished to Gorman & Sylvander, but they were also bound to prove the items of work done and materials furnished by the latter to the defendant Frederick Wood, who was the principal contractor with the owner, Joseph McFarland, and under whose contract the plaintiffs supplied the materials for which they filed their lien. The complaint alleges that Gorman & Sylvander were to do the plumbing and gas fitting for the buildings, and that Wood was to pay them therefor a sum in excess of $4,007.30, and that they commenced to work thereunder, and completed the same, and that there remained due and owing them a sum in excess of said last-named amount. These allegations are denied by the defendant Frederick Wood. It was also manifest from the pleadings that the plaintiffs were bound to prove the performance by Frederick Wood of his contract with McFarland, the owner, and an examination of the accounts between Wood and McFarland was necessary to show that a sum sufficient to satisfy the plaintiffs' lien was due from the owner at the time of the filing thereof. The complaint alleged that Wood agreed to erect and did erect the buildings, and that there became due from McFarland at the time of the filing of the lien a sum in excess of $4,007.30. This allegation was put in issue not only by the answer of the owner, McFarland, but also by the answer of Wood, the contractor. It thus appears that the plaintiffs, in order to maintain their lien, would be compelled, under the pleadings, to prove performance of no

less than three contracts for work, labor, and services, and the furnishing of materials, and this would involve proof of items, not only on one account, but several, and the reference ordered was eminently proper, and should be affirmed.

With respect to the motion by respondents to dismiss the appeals, it appears that the papers were printed in time for the argument, and it is customary to relieve appellants from their default in such cases, upon terms. The motion to dismiss the appeal on the ground of waiver must be denied. The appellants proceeded before the referee after having first made formal objection to going on with the reference. The case is thus distinguishable from *Ubsdell* v. *Root*, 3 Abb. Pr. 142. The motion to dismiss the appeal is denied. Order appealed from affirmed, with costs. All concur.