HAL B. BROWNELL, Respondent, *v.* ANTHONY MATTERS, Appellant.

Supreme Court, Erie County, November 22, 1930.

*Matthew Weimar* [*Harold Brock* of counsel], for the appellant.

*Swift & Potter* [*Meredith Potter* of counsel], for the respondent.

HARRIS, J. This is an appeal from an order of the City Court of Buffalo, such order striking the above-entitled action from the jury calendar of such court, and placing it on the non-jury calendar.

Section 41 of the City Court Act (Laws of 1909, chap. 570), as amended by chapter 190 of the Laws of 1926, and section 42 of such act are as follows:

" § 41. Jury trial; demand of; waiver of. At the time of the joinder of an issue of fact, or within twenty days thereafter, either party may demand a trial by jury. Such demand shall be in the form of a written notice, to be filed with the clerk of the court within the time aforementioned, and within three days after said filing, a copy of said notice shall be served upon the attorney for the adverse party, and unless so demanded, a jury trial is waived.

The party demanding a trial by jury shall forthwith pay to the clerk the sum of five dollars.

" § 42. * * * Upon the issue of fact joined if a jury trial be not demanded, as provided in this act, the court must hear the evidence, * * *."

It is conceded that a proper notice of demand for a jury trial was properly filed with the clerk of the City Court of Buffalo within twenty days after joinder of issue in the action, and that the jury fee was duly paid at the time of such filing, and that a copy of said notice of demand for a jury trial was served upon the attorney for the plaintiff, respondent, on the fourth day after such filing. The learned City Court of Buffalo, on motion made by the plaintiff, struck the cause from the jury calendar and remanded the same to the non-jury calendar, on the ground that the copy of the notice should have been served on the attorney for the plaintiff within three days after the filing of such notice.

Prior to its amendment by chapter 190 of the Laws of 1926, section 41 of the City Court Act read as follows:

" § 41. Jury trial; demand of; waiver of. At the time of the joinder of an issue of fact, or upon the first adjourned day thereafter, either party may demand a trial by jury and unless so demanded a jury trial is waived. The party demanding the trial by jury shall forthwith pay to the clerk the sum of five dollars * * *. In default of such payment, the court shall proceed as if no demand for trial by jury had been made. * * * " (Laws of 1913, chap. 580.)

A statute in derogation of the common law should be strictly construed (*Bradley* v. *Albemarle*, 2 N. Y. Civ. Proc. 50; *Townsend* v. *Hendricks*, 40 How. Pr. 143), and any statute which provides for an act which will constitute a waiver of trial by jury as such trial by jury existed at common law, should be strictly construed. (*Bradley* v. *Albemarle, supra; Townsend* v. *Hendricks, supra; Sharp* v. *Mayor, etc., of New York*, 18 How. Pr. 213.)

Prior to the amendment of 1926 cases were moved to the jury trial calendar without notice to opposing counsel, and demands for jury trials on the first adjourned calendar call frequently were made for the sole purpose of delay. I consider the object of the amendment of 1926 to section 41 of the City Court Act was to avoid the continuance of the former practice of delaying trial, and to permit opposing counsel to have an opportunity to prepare for trial.

In my opinion, the timely filing with the clerk of the written notice of the demand for jury trial and the payment of the fee, were sufficient to complete the demand for a jury trial, and the

failure to serve the copy of the notice upon the opposing counsel within three days was not a waiver of trial by jury. Under rule 20 of the Rules of Civil Practice, the service of the notice on the opposing counsel could have been made by mail, and if so made, the opposing counsel would not have been advised until the fourth day of the demand for the jury trial. So in making service on the fourth day, nothing has been done to injure the rights of the plaintiff, respondent, herein. The object of the 1926 amendment to section 41 was evidently to require immediate notice to be given to opposing counsel, and the failure to give such notice exactly within the time limit should not result in the loss of the right to a jury trial.

The order appealed from is reversed, and the action is restored to the jury calendar of the City Court of Buffalo as of the date on which it was originally placed at the time that the demand for a jury trial was made. Five dollars costs to the defendant, appellant.